J-S51021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT WILLIAM LYONS | |
| Appellant | No. 610 MDA 2014 |

Appeal from the Judgment of Sentence January 23, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001417-2012

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                **FILED FEBRUARY 10, 2015**

Robert William Lyons appeals from the judgment of sentence imposed on January 23, 2014, in the Court of Common Pleas of Lycoming County following his guilty plea to two counts of person not to possess firearms.[1] Lyons was sentenced to a standard range term of 44 to 88 months' incarceration, on each count, and those sentences were made to run concurrently.  However, the instant sentence was ordered to be served consecutive to the six to 12 year sentence imposed on Lyons for other aspects of the same criminal episode.[2]  In this timely appeal, Lyons

_____

[1] 18 Pa.C.S. § 6105(a)(1).  The two counts were apparently based upon possession of a rifle and a shotgun during the encounter with the State Police.

[2] All of the charges presented at the trial and guilty plea hearing arose from the same criminal episode in which Lyons was involved in a 90 minute
*(Footnote Continued Next Page)*

challenges the discretionary aspects of his sentence, claiming the aggregate sentence is manifestly excessive and the trial court failed to give proper consideration to certain mitigating factors. It is important to note that Lyons is only challenging his sentence being made consecutive to the 6-12 year sentence that had been previously imposed. Following a thorough review of Lyons' brief,[3] the certified record, and relevant law, we affirm.

Initially,

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Zirkle**, ___ A.3d ___, *3 (Pa. Super. 2014) (citation omitted).

We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. **Commonwealth v. Lloyd**, 878 A.2d 867, 873 (Pa. Super. 2005) (*citing* **Commonwealth v. Hoag**, 665 A.2d

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

armed standoff with Pennsylvania State Troopers following a report of a domestic disturbance at Lyons' residence. In the jury trial, Lyons was convicted of three counts of aggravated assault by physical menace. Lyons appealed that but obtained no relief. **See, Commonwealth v. Lyons**, ___ A.3d ___, [2014 Pa. Super. LEXIS 2791] (Pa. Super. May 23, 2014) (unpublished memorandum). Lyons then pled guilty to the firearm charges at issue herein and which had been severed from the other charges.

[3] Pursuant to Pa.R.A.P. 1116, the Commonwealth opted not to file a brief.

> 1212, 1214 (Pa. Super. 1995)). Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9271 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005) (*citing* **Commonwealth v. Graham**, 661 A.2d 1367, 1373 (Pa. 1995)).

**Id**. at *5.

However, a challenge to the discretionary aspects of a sentence is not appealable of right.

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (citation omitted).

As noted, the appeal is timely, the issue was preserved when Lyons filed a motion to modify his sentence, and his brief contains the required Pa.R.A.P. 2119(f) statement. The only remaining question is whether Lyons' arguments raise a substantial question.

First, Lyons generally argues his sentence is manifestly excessive due to the sentences running consecutive, for an aggregate sentence of 116 to 232 months' incarceration.

> A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. **Lloyd**, 878 A.2d at 873. "We see no reason why [a defendant] should be afforded a volume discount for his crimes by having all sentences run concurrently." **Hoag**, 665 A.2d at 1214.

**Commonwealth v. Zirkle**, ___ A.3d _____, *5 (Pa. Super. 2014).

> Additionally,

> The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

**Commonwealth v. Moury**, 992 A.2d 162, 171-72 (Pa. Super. 2010).

> Finally,

> where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

**Commonwealth v. Moury**, 992 A.2d at 171 (citation omitted).

Here, Lyons' 44 to 88 month sentence on the firearms charges was in the standard range.[4] That sentence, combined with his prior sentence, provides for the minimum aggregate sentence of 116 months, which is almost ten years of incarceration. However, Lyons was convicted of five second degree felonies[5] that provide for a possible sentence of 25 to 50 years' incarceration. Lyons' actual sentence was less than half of his possible sentence. Given that Lyons was convicted of aggravated assault and firearms violations, the aggregate sentence is not unduly harsh and does not represent an extreme circumstance. Accordingly, this issue does not raise a substantial question.

Next, Lyons claims his aggregate sentence is manifestly excessive because the trial court failed to consider mitigating circumstances and possession of the firearms was already taken into account in his prior sentence in the application of the deadly weapons enhancement.

_____

[4] The record reflects the standard range minimum sentence was between 42 and 54 months incarceration. This is based upon an offense gravity score of 10 and Lyons' prior record score of 3.

[5] As already discussed, the charges at issue were three counts of aggravated assault, 18 Pa.C.S. § 2702(a)(6) and two counts of person not to possess a firearm, 18 Pa.C.S. § 6105(a)(1). **See** Footnotes 1-2, **supra**.

The alleged failure to consider mitigating factors does not raise a substantial factor. **See Moury**, 992 A.2d at 171.[6]  However, Lyons' claim regarding his possession of the weapons raises a claim that the trial court improperly double counted factors, which does raise a substantial question. **See Commonwealth v. Goggins**, 748 A.2d 721 (Pa. Super. 2000).

In passing sentence, the trial court acknowledged the fact that Lyons had been subject to the deadly weapon enhancement in his prior sentence. However, the trial court correctly noted that Lyons would have been subject to the enhancement even if he had legally possessed the weapons. However, he did not legally possess the guns, which gave rise to the separate felonies and separate punishment.  **See** N.T. Sentencing, 1/23/2014, at 16-17; Trial Court Opinion, 4/22/2014.  We agree with the trial court that because the firearms offenses were based upon a factor additional to the factors that triggered the deadly weapon enhancement, the trial court did not improperly double count factors.  Accordingly, this claim does not support the argument that the trial court abused its discretion in making the sentences run consecutively.

Judgment of sentence affirmed.

---

[6] **Moury** does note that a substantial question is raised when the sentencing court imposes an aggravated range sentence without adequately considering mitigating factors, *citing* **Commonwealth v. Felmlee**, 828 A.2d 1105 (Pa. Super. 2003) (*en banc*).  There is no aggravated sentence at issue in this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2015