**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL WOLFORD, | |
| Appellant | No. 1097 WDA 2015 |

Appeal from the Judgment of Sentence of June 12, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002161-2014

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 15, 2016**

Appellant, Michael Wolford, appeals from the judgment of sentence entered on June 12, 2015, as made final by the denial of post-sentence motions on July 6, 2015, following his guilty plea to third-degree murder, robbery, conspiracy, and carrying a firearm without a license.[1]  In this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel complied with the procedural requirements necessary for withdrawal.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.

_____

[1]  18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(i), 903(c) and 6106(a)(1), respectively.

*Retired Senior Judge assigned to the Superior Court.

We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We summarize the factual and procedural history of this case as follows. On January 8, 2014, police responded to a shooting in a parking lot at the Waterfront, a business district in Homestead, Pennsylvania. Upon further investigation, police learned from witnesses that Appellant and two co-defendants planned a drug deal and, during that transaction, Appellant shot and killed the victim. On June 12, 2015, Appellant and the Commonwealth appeared before the trial court to propose a negotiated plea agreement. Appellant agreed to plead guilty to third-degree murder, as well as the additional aforementioned charges. The parties' plea agreement also included a negotiated aggregate sentence of 30 to 60 years of imprisonment. The parties placed these terms on the record. After a colloquy with Appellant, the trial court accepted the negotiated plea and sentence and entered judgment of sentence by order dated June 12, 2015. This timely appeal resulted.[2]

On appeal, Appellant's counsel included one issue in his **Anders** brief:

_____

[2] Appellant filed post-sentence motions that the trial court denied on July 6, 2015. Appellant filed a timely notice of appeal on July 20, 2015. On July 21, 2015, the trial court ordered defense counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's counsel complied on July 23, 2015 by filing a concise statement alleging a frivolous appeal pursuant to Pa.R.A.P. 1925(c)(4). The trial court issued an opinion conforming to Pa.R.A.P. 1925(a) on November 3, 2015.

Whether the trial court erred and/or abused its discretion by imposing a harsh sentence and not granting a motion to reconsider sentence, when Appellant and the Commonwealth after a lengthy negotiation session asked the trial court to sentence Appellant to an aggregate sentence of thirty (30) to sixty (60) years of incarceration for third-degree murder and other non-homicide charges, when the facts of the case overwhelmingly support a conviction of second-degree murder which, alone, would have resulted in a life sentence without the possibility of parole and the trial court actually accepted the guilty plea and sentenced Appellant to the negotiated sentence?

*Anders* Brief at 6.

Before reviewing the merits of this appeal, however, this Court must first determine whether counsel fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Washington***, 63 A.3d 797, 800 (Pa. Super. 2013). To withdraw under ***Anders***, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa. Super. 2012), *quoting* ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an ***Anders*** brief, in which counsel:

(1) provide[s] a summary of the procedural history and facts, with citations to the record;

(2) refer[s] to anything in the record that counsel believes arguably supports the appeal;

(3) set[s] forth counsel's conclusion that the appeal is frivolous; and

(4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Washington***, 63 A.3d at 800, *quoting* ***Santiago***, 978 A.2d at 361.

Finally, counsel must furnish a copy of the ***Anders*** brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention, and attach[] to the ***Anders*** petition a copy of the letter sent to the client." ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5 (citation omitted). It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations.[3] We now turn to the issue raised in the ***Anders*** brief.

_____

[3] Appellant has not filed a response to counsel's ***Anders*** brief.

The **Anders** brief contends that the trial court abused its discretion by imposing a harsh and excessive sentence. This claim does not challenge the trial court's acceptance of Appellant's guilty plea or the legality of his sentence. Rather, Appellant's claim challenges the discretionary aspects of his sentence. **See Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007).

As previously noted, Appellant filed a timely notice of appeal and the issue was properly preserved in a post-sentence motion. Counsel's **Anders**

brief also has a statement pursuant to Pa.R.A.P. 2119(f). Thus, we turn to whether the appeal presents a substantial question.

As we have explained:

> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

This Court has recently reaffirmed that a "challenge to the discretionary aspects of [a] negotiated sentence [] is unreviewable." **Commonwealth v. Reid**, 117 A.3d 777, 784 (Pa. Super. 2015), *citing* **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."). Indeed, we have found this precise issue wholly frivolous in the **Anders** context. **See O'Malley**, **supra**. Here, upon review of the record Appellant and the Commonwealth agreed upon the terms of the plea deal, including the negotiated sentence, and the trial court accepted the parties' plea agreement. Thus, Appellant fails to raise a substantial question for our review.

Moreover, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore,

wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016