**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Eduardo CARABALLO, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 2004.

Filed April 26, 2004.

---

Joseph P. Burt, Erie, for appellant.

Lisa Stine, Assistant District Attorney, for Commonwealth, appellee.

Before: KLEIN, BENDER and JOHNSON, JJ.

OPINION BY KLEIN, J.:

¶ 1 Eduardo Caraballo was convicted of two counts of attempting to lure the same child (in this case a thirteen-year-old girl) into a motor vehicle, one count each for

two attempts on two different days. The trial judge imposed the maximum sentence, two and one-half years to five years on each count to run consecutively. Thus the total sentence was five to ten years. The *aggravated* range for each count would be at most a minimum sentence of fifteen months.

¶ 2 We remanded this case on October 11, 2002 because there were insufficient reasons stated on the record for sentencing outside the Sentencing Guidelines. Despite this directive, there still are insufficient reasons stated for sentencing outside the guidelines. Therefore, we reverse and remand for resentencing before a different judge.

¶ 3 In this case, Caraballo stopped his car several times and offered a ride to a thirteen-year old girl. She refused, continued walking, and the defendant followed her and kept asking. She reported this to school authorities. About a week later, in a "sting" operation, the defendant came up again in his car, asked her if she wanted a ride, and asked if she smoked "weed." He was then arrested.

¶ 4 The issue raised in this appeal was recently considered in an Opinion authored by Judge John T. Bender. *See Commonwealth v. Walls,* 2004 PA Super 79, 846 A.2d 152 (2004). While *Walls* did come down after the re-sentencing in the instant case, it relies on authority from prior Pennsylvania sentencing cases. It covers the matter thoroughly, and we rely on the reasoning of that opinion to support the decision in the instant matter.

¶ 5 We only write an opinion in this case to highlight a number of factors that we believe many of our trial judges too readily overlook. Too often the focus is entirely on the serious nature of the crime and all other factors become irrelevant. That is not the law as mandated by the General Assembly.

▪▪▪▪ ¶ 6 The following points are the basis of Judge Bender's opinion in *Walls:*

1. Trial judges used to have almost unfettered discretion in sentencing. That is no longer the case.

2. Sentencing guidelines were promulgated so that the length of the sentence would be more standardized across the state and between judges. This was both to increase sentences that were too low and reduce sentences that were too high.

3. It is not enough for the trial judge to just say, "I reviewed the presentence report and the sentencing guidelines." First, the presentence report must be made part of the appellate record, which it often is not. Secondly, the specific guideline range must be in the record. This is necessary so the appellate court has enough information to review the trial judge's determination.

4. It is not enough just to state *any* reason for deviating from the guidelines. Any judge is able to come up with *some* rationale for anything that they do. The reason for a deviation must be just that—reasonable.

5. It is not enough just to say that the crime was horrendous and had a severe effect on the victim. When promulgating the sentencing guidelines the legislature and sentencing commission were certainly aware that certain crimes are horrendous and will have severe consequences on the victims. It is necessary for the sentencing judge to start with the guideline range, and say why this particular crime is more severe than the normal crime of this type.

6. It is necessary for the trial judge to consider mitigating as well as aggravating circumstances.

7. In considering the defendant's background, it is not enough just to say he or she has a bad background. It is necessary to say why this defendant's background is different than another defendant with the same prior record score.

■ ¶ 7 In considering those factors, it is clear that the sentencing judge in this case fell far short of meeting these tests. He focused solely on the charges and what *could* have happened in the event. Considering: (a) the child was a teenager, and not just five or six; (b) no threats were made; (c) no attempt to use force took place, and (d) the other circumstances, there are no outstanding facts that distinguish this offense from a typical case of the same offense. The defendant did not coerce, physically intimidate, threaten, strike, or even make statements to convince the girl to enter his car. If anything, this is a *less* severe crime than others of this kind.

¶ 8 Moreover, this defendant is no worse than others with a similar prior record score. The defendant's prior record score (1) was for an unrelated type of crime (welfare fraud) over ten years earlier. He was a recovered alcoholic who was undergoing treatment. He was a married father of seven children, six of whom were under the age of 9. He worked as a mechanic to support his family. Again, viewing this record, it seems that his prior record score and total circumstances might well justify a *mitigated* rather than *aggravated* sentence, let alone imposing a sentence completely outside the guidelines when the two counts are run consecutively.

¶ 9 Because the trial judge disregarded this Court's prior instructions, we direct that another judge hold a new sentencing hearing and pass sentence, taking into consideration what has been said now in two Superior Court decisions. Unless there is something other than what we see on the record, we find no reason that would support a sentence in the aggravated range, let alone *outside* the aggravated range. In fact, the record does not support even two consecutive sentences at the top of the standard range.

¶ 10 Judgment of sentence vacated and remanded for resentencing before a different judge. Jurisdiction relinquished.