**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Christopher MARTS, Appellant.**

Superior Court of Pennsylvania.

Argued June 27, 2005.

Decided Dec. 14, 2005.

Erin K. Morey, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Margaret K. Barker, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: HUDOCK, STEVENS and MONTEMURO,* JJ.

OPINION BY HUDOCK, J.:

¶ 1 This is an appeal from the judgment of sentence imposed upon Appellant after he entered a guilty plea at four different

docket numbers to a total of five counts of robbery, four counts of criminal conspiracy, two counts of recklessly endangering another person and one count of theft from a motor vehicle.[1] The trial court sentenced Appellant to an aggregate term of ten to twenty years of imprisonment. A timely motion to modify sentence was filed and denied. Appellant's original appeal was quashed as untimely but his appellate rights were reinstated, *nunc pro tunc,* following his filing of a petition pursuant to the Post–Conviction Relief Act. 42 Pa. C.S.A. §§ 9541–9546. This appeal followed, in which Appellant challenges the discretionary aspects of his sentence. Both Appellant and the trial court complied with Pa.R.A.P. 1925. We affirm.

¶ 2 Appellant's convictions are the result of the gunpoint robbery of a sports store (Docket No. 200108809), a gas station (Docket No. 200111417) and a woman in a motel parking lot (Docket No. 200305791). In a fourth robbery, Appellant and a co-conspirator robbed a pizza delivery man while brandishing a small baseball bat (Docket No. 200108828).[2] Given an offense gravity score of ten and Appellant's prior record score of zero, and adding the deadly weapon (used) enhancement, the applicable sentencing guidelines for three of the four robberies provided for a standard minimum range sentence of forty to fifty-four months of imprisonment, plus or minus twelve months for the aggravated and mitigated range, respectively. Prior to sentencing, the Commonwealth requested a mandatory five-year sentence at these

---

* Retired Justice assigned to Superior Court.

1. 18 Pa.C.S.A. §§ 3701, 903, 2705 and 3934, respectively.

2. Although Appellant pled guilty to a fifth robbery charge, no further penalty was imposed. In addition, no further penalty was imposed on Appellant's convictions for the remainder of his crimes listed above. Appel-

lant contends that no further penalty was imposed at "most" of the ten other dockets at which Appellant pled guilty to a multitude of crimes, including access device fraud, theft, receiving stolen property, forgery, burglary and possession of drug paraphernalia. *See* Appellant's Brief at 6, 8 n. 1. The Commonwealth does not dispute these assertions.

dockets. *See* 42 Pa.C.S.A. § 9712 (relating to sentences for violent crimes committed with firearms). The sentencing court imposed the mandatory minimum at each docket. For the robbery of the pizza delivery man, no mandatory minimum was requested and no enhancement was applied. Thus, the applicable sentencing guidelines provided for a standard minimum range of twenty-two to thirty-six months of imprisonment, plus or minus twelve months for the aggravated and mitigated range, respectively. The five to ten-year sentence imposed by the court at this docket deviated from the suggested guideline ranges.[3] The court was required, therefore, to provide a contemporaneous written statement of the reasons for deviation. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Canfield*, 432 Pa.Super. 496, 639 A.2d 46, 49 (1994). The sentencing court's statements made on the record in the defendant's presence satisfy this statutory requirement. *Id.*

¶ 3 In addition, Appellant's five to ten-year sentence at Docket No. 200111417 was to be served consecutive to a three

and one-half flat sentence imposed in New York, and his five to ten-year sentence at Docket No. 200108828 was to be served consecutive to the sentence imposed at Docket No. 200111417. The five to ten-year sentence imposed at both Docket Nos. 200108809 and 200305791 were to be served concurrent to his sentence at Docket No. 200111417. Thus, for all of his Pennsylvania crimes, Appellant received an aggregate sentence of ten to twenty years.

■ ¶ 4 As noted above, Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. *Commonwealth v. Koren*, 435 Pa.Super. 499, 646 A.2d 1205, 1207 (1994).[4] This appeal is, therefore, more appropriately considered a petition for allowance of appeal. 42 Pa.C.S.A. § 9781(b). Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. *Koren*, 646 A.2d at 1207. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of

---

3. The Commonwealth contends that the sentencing guidelines for this robbery were the same as those for the other robberies and, therefore, that Appellant's five-year sentence was in the aggravated range. A review of the sentencing guideline form within the certified record reveals that the weapon enhancement was not added to the guideline ranges for this crime. Therefore, the guideline ranges listed above are accurate.

4. While Appellant did not raise this claim in his Rule 1925(b) statement, present counsel is claiming her own ineffectiveness for failing to do so. Thus, Appellant's claim is properly before us. *See Commonwealth v. Wade*, 867 A.2d 547, 555 (Pa.Super.2005) (holding that Supreme Court's plurality decision in *Commonwealth v. Johnson*, 565 Pa. 51, 771 A.2d 751 (2001), which permits review on direct appeal of claim of own ineffectiveness for failing to raise issue in Rule 1925(b) statement remains viable despite Supreme Court's

decision in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), in which the high court held that, in general, ineffectiveness claims should await collateral review); *compare Commonwealth v. Butler*, 845 A.2d 866, 869 (Pa.Super.2004) (reasoning that continued validity of *Johnson* has been "cast in doubt" in light of *Grant*); *Commonwealth v. Dent*, 837 A.2d 571, 588 n. 9 (Pa.Super.2003), *appeal denied*, 581 Pa. 671, 863 A.2d 1143 (2004) (same).

Moreover, because Appellant's plea did not include an agreement as to the sentence to be imposed by the court, Appellant's challenge to the discretionary aspects of his sentence is properly before us. *See Commonwealth v. Dalberto*, 436 Pa.Super. 391, 648 A.2d 16, 20 (1994) (explaining that, where there have been no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing).

his sentence. *Id.*; Pa.R.A.P. 2119(f). Second, he or she must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 653 A.2d 706, 710 (1995).

¶ 5 The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *Commonwealth v. Maneval,* 455 Pa.Super. 483, 688 A.2d 1198, 1199–1200 (1997). Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.*

¶ 6 Appellant's Rule 2119(f) statement reads, in pertinent part, as follows:

The lower court never distinguished how [Appellant's] crime was worse than other instances of the same offense by defendants with similar prior record scores, such that the consecutive, aggravated range sentences, were appropriate. The court failed to give "careful consideration to all relevant factors in sentencing." *Commonwealth v. Sierra,* 752 A.2d 910, 913 (Pa.Super.2000). The record does not indicate the lower court sufficiently considered the factors laid out in 42 Pa.C.S. § 9721(b).

Absent more reasons than stated on the record, [Appellant's] total aggregate sentence is "so manifestly excessive as to constitute too severe a punishment." *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 624 (2002) (holding appellant raised a substantial question when she [sic] advanced "plausible argument that [her] sentence was: 1) inconsistent with a specific provision [of] the sentencing Code; or 2) contrary to the fundamental norms which underlie the sen-

tencing process: even if the sentence is within the statutory limit"). In *Mouzon,* Justice Nigro observed that under Section 9781(c) of the Sentencing Code, the Superior Court is required to vacate sentences within the Guidelines if they are 'clearly unreasonable.' " *Id.* [sic]. This Court has concluded, based on *Mouzon,* that appellant's claim of excessiveness respecting the consecutive nature of his standard range sentences raises a substantial question. *Commonwealth v. Dodge,* 859 A.2d 771 (Pa.Super.2004). Thus, this Court may review the merits of [Appellant's] claim.

Appellant's Brief at 10.

¶ 7 To the extent that he complains that his sentence on two of the four robberies were imposed consecutively rather than concurrently, Appellant fails to raise a substantial question. Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Graham,* 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995); *see also Commonwealth v. Perry,* 883 A.2d 599, 2005 Pa.Super. Lexis 2892 (Pa.Super. August 10, 2005), and the cases cited therein. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Johnson,* 873 A.2d 704, 709 n. 2 (Pa.Super.2005); *see also Commonwealth v. Hoag,* 445 Pa.Super. 455, 665 A.2d 1212, 1214 (1995) (explaining that a defendant is not entitled to a "volume discount" for his or her crimes).

¶ 8 The recent decision of a panel of this Court in *Commonwealth v. Dodge,* 859 A.2d 771 (Pa.Super.2004), does not alter our conclusion. In fact, the panel in *Dodge* noted the limitations of its holding. *See id.* at 782 n. 13 (explaining that its

decision "is not to be read a rule that a challenge to the consecutive nature of a standard range sentence always raises a substantial question or constitutes an abuse of discretion. We all are cognizant that sentencing can encompass a wide variation of factual scenarios. Thus, we make clear again that these issues must be examined and determined on a case-by-case basis.") In *Dodge,* the court imposed consecutive, standard range sentences on all thirty-seven counts of theft-related offenses for an aggregate sentence of 58½ to 124 years of imprisonment. The facts and crimes charged in the present case are markedly different. Although he pled guilty at many more criminal dockets and to additional crimes at each docket for which he was sentenced, Appellant was sentenced only for four robberies. In three of the robberies, he used a handgun and, upon the Commonwealth's notice, the trial court was required to impose a five year minimum sentence. Appellant's sentence on the remaining robbery deviated from the guideline range.

¶ 9 In short, as the panel majority itself noted, *Dodge* does not stand for the broad proposition that a challenge to the imposition of consecutive rather than concurrent sentences raises a substantial question in all cases. While in *Dodge* the panel majority concluded that the aggregation of many standard range sentences rendered the appellant's overall sentence excessive, no such concern arises in the present case. *See also Commonwealth v. Whitman,* 880 A.2d 1250, 2005 Pa.Super. Lexis 2525 (Pa.Super. August 1, 2005) (concluding, in case factually similar to *Dodge,* that aggregate sentence of thirty-nine to seventy-eight years of imprisonment was "unwarranted and unfair," "the sentence is virtually a life sentence and is grossly disparate to sentences imposed on similar offenders."); *compare Commonwealth v. Boyer,* 856 A.2d 149, 154 (Pa.Super.2004), *appeal granted,* 582 Pa. 661, 868 A.2d 450 (2005) (affirming aggregate sentence of twenty-six to 100 years of imprisonment for ten robbery and related convictions).

¶ 10 Appellant also claims that he has raised a substantial question because the sentencing court failed to explain why the robberies he committed deserve a more severe sentence than the "typical" robbery. We find that this claim raises a substantial question, as it essentially challenges the adequacy of the reasons given by the court for its sentencing choice. *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*) (explaining that a substantial question is raised when an appellant claims the sentencing court failed to sufficiently state reasons for imposing a sentence outside the guidelines). This claim, however, is refuted by the record.

¶ 11 The standard employed when reviewing the discretionary aspects of sentencing is very narrow. *Koren,* 646 A.2d at 1208. We may reverse only if the sentencing court abused its discretion or committed an error of law. *Id.* We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime. *Id.*

¶ 12 At sentencing, the court first noted that Appellant had entered guilty pleas in a total of fourteen cases. The court further stated that it had ordered, read and considered a presentence report, that it possessed the applicable sentencing guidelines, and acknowledged that it was required to impose a five-year mandatory minimum for three of the four robberies. Defense counsel then informed the court that, at that time, Appellant was serving a sentence in New York for burglary. Counsel further stated that Appellant

started drug treatment approximately two years ago and that his drug addiction was the "cause of most of" his crimes. N.T., 9/22/03, at 11. Defense counsel continued:

[Appellant] had a very serious drug problem. He started to address that while I was representing him.

He then went to New York. He had a girlfriend there. He shouldn't have went. He jumped bail and went to New York. He got arrested there and was sentenced on May 15th for a burglary charge and received a flat three-and-a-half year sentence of which is my understanding, from what he told me, he has to serve at least 85 percent of that sentence, which would make him eligible for parole sometime around September of 2005.

[Appellant] has told me he has been very active in jail as far as the drug and alcohol awareness programs. He is addressing the problems he has.

I can say personally he looks a lot better than he has. He is talking a lot more clearer than he has in the past.

He seems to show a good deal of remorse for what he has done. He is not trying to beat this. He wants to accept this and consolidate his cases and put it behind him.

This would have been our wish to run this concurrent to anything he was doing in New York to minimize his period of incarceration.

*Id.* at 12–13. Counsel also stated that while Appellant "would accept any length of period of probation that the Court would give as a substitute for continuing incarceration," he acknowledged that "[o]ur hands are kind of tied with these mandatories[.]" *Id.* at 13. Counsel then stated that he had been talking with Appellant's parents for the last two years, and the court informed counsel that it had received a letter from Appellant's father.

¶ 13 Appellant addressed the court and stated that he had two years remaining on his New York sentence and that he was on a waiting list for some more treatment programs so that he could get his "life back on track." N.T., 9/22/03, at 14. Appellant then stated that, "There's no excuse for anything that I've done, that I have been involved in. I want to try to get myself back together." *Id.*

¶ 14 The sentencing court then made the following comments:

THE COURT: Well, [Appellant], the Court does find as a mitigating factor that you have entered a plea to all 14 cases, however, I have multiple cases in front of me with multiple victims and multiple situations. A number of cases involve a robbery with a gun. One involves a robbery with a baseball bat, and the truth of the fact is, by my calculations, you're looking at a possible sentence, a maximum sentence of 80 years in jail [for the four robbery charges].

So there is a time when being an addict can work in favor of a Defendant and in a mitigating circumstance, such as if there are some thefts, perhaps even a purse snatch and the person goes for rehab, is successful or isn't successful, but at least quits committing crimes; but in reviewing my notes of what you did, you went on a very, very serious crime spree of six months.

You came in and pled guilty to all of the charges, and two months after you did that, you went to New York and committed another violent crime in New York for which you are now serving a term of incarceration.

I just don't feel that you are a candidate for rehabilitation because of your acts. I feel you are certainly a danger to the community.

You go around randomly robbing innocent people with guns or with other kind[s] of weapons.

N.T., 9/22/03, at 14–15. The court then imposed the aggregate ten to twenty-year sentence.

¶ 15 Given the above comments, we find the court below did not commit a manifest abuse of discretion when sentencing Appellant and provided adequate reasons for its sentencing choice. Citing *Commonwealth v. Walls,* 846 A.2d 152 (Pa.Super.2004), *appeal granted,* 583 Pa. 662, 875 A.2d 1075 (2005), and *Commonwealth v. Caraballo,* 848 A.2d 1018 (Pa.Super.2004), Appellant asserts that the sentencing court "never distinguished how [his] crimes were worse than other instances of the same offense by defendants with similar prior record scores." Appellant's Brief at 12. Initially, we note that both *Walls* and *Caraballo* involved the imposition of consecutive, maximum sentences that deviated from the applicable sentencing guidelines. While Appellant's one sentence in this case deviated from the applicable guidelines, the aggregate sentence imposed upon Appellant was nowhere near the statutory maximum for the four robberies, let alone the other crimes for which Appellant stood convicted. Thus, the "requirement" in *Walls* and *Caraballo* that the sentencing court differentiate the appellant's crime from other "similarly-situated" defendants when imposing sentence in this case is inapposite. In addition, in both *Walls* and *Caraballo,* this Court raised concerns that the sentencing court was presenting generalizations about the nature of the crime committed to support the sentences rather than an individualized consideration of the appellant's circumstances. *See also Commonwealth v. Cortez,* 860 A.2d 1045, 1051 (Pa.Super.2004) (vacating aggregate sentence of fifteen to thirty years for drug-related convictions because, *inter alia,* the record did not support the sentencing court's comments that the appellant "was spreading his cancer throughout many neighborhoods and many families.").

¶ 16 The same is not true in the present case inasmuch as Appellant received an "individualized" sentence. Initially, we note that the sentencing court possessed and considered a presentence report. Thus, the presumption arises that the sentencing court was aware of and weighed all relevant information contained therein along with any mitigating sentencing factors. *See e.g. Commonwealth v. Tirado,* 870 A.2d 362, 368 (Pa.Super.2005). To the extent that Appellant argues that the trial court "did not adequately consider" the mitigating factors, such a claim does not raise a substantial question. *Commonwealth v. Hanson,* 856 A.2d 1254, 1257–58 (Pa.Super.2004). Moreover, as a factor justifying the sentence imposed, the court placed great emphasis on the fact that two months after pleading guilty in Pennsylvania, Appellant, by counsel's own admission, "jumped bail" and committed another violent crime in New York. In addition, we note that when "sentencing an appellant, the trial court is permitted to consider the seriousness of the offense and its impact on the community." *Commonwealth v. Roden,* 730 A.2d 995, 998 (Pa.Super.1999). Finally, the fact that Appellant disagrees with the sentencing court's conclusion regarding his rehabilitative potential does not render the sentence imposed an abuse of discretion. *See Commonwealth v. Gibson,* 716 A.2d 1275, 1279 (Pa.Super.1998).

¶ 17 It is clear, then, that in fashioning the sentence the court did consider the individual circumstances concerning Appellant and the many crimes he committed. *See Commonwealth v. Twitty,* 876 A.2d 433, 439 (Pa.Super.2005) (distinguishing *Walls* and *Caraballo* and holding that the appellant's claim of inadequate reasons for imposition of statutory maximum sentence was refuted by the record); *see also Hanson,* 856 A.2d at 1259–60 (affirming aggravated range sentence for terroristic

threats where sentencing court properly relied upon particular circumstances of conviction; the appellant's reliance upon *Walls* actually worked to his detriment because his conviction "was more reprehensible than a 'typical' instance of terroristic threats."); *Commonwealth v. Smith,* 863 A.2d 1172, 1178 (Pa.Super.2004) (affirming sentence for sexual assault in aggravated range because it was clearly individualized and tailored to the appellant based on the gravity of the offense and the need to protect the public); *Commonwealth v. Diaz,* 867 A.2d 1285, 1288 (Pa.Super.2005) (affirming aggregate sentence of twelve to twenty-four years imposed upon seventy-four-year-old appellant where court did not sentence on all forty-two counts, but rather, sentenced him to three consecutive terms for each year of three year span of criminal activity); *Boyer,* 856 A.2d at 154 (concluding that court did not abuse its discretion in imposing a series of consecutive, standard range sentences when court considered presentence report and the particular circumstance of the crime).

¶ 18 Reduced to its essence, Appellant's true claim on appeal is that the only "reasonable" sentence that he could have received for his many crimes at fourteen different dockets in Pennsylvania is one that runs "entirely concurrently" to the sentence he is now serving in New York. Appellant's Brief at 19. This is not the test for "reasonableness" under 42 Pa. C.S.A. section 9781. Rather, if the sentencing court, after considering the appropriate section 9721 sentencing factors, states valid reasons for its sentence, which are supported by the record, this Court must affirm the decision even if the particular panel does not agree with the weight the sentencing court accorded them. *See e.g., Commonwealth v. Robertson,* 874 A.2d 1200, 1214 (Pa.Super.2005) (upholding sentence which deviated from the guidelines even though "possibly we might not have imposed a similar sentence"; "the critical issue is whether the sentence arrived at constitutes an abuse of discretion granted to the sentencing court."); *Commonwealth v. Galletta,* 864 A.2d 532, 538 (Pa.Super.2004) (explaining that, "[a]lthough we may not have chosen to impose the statutory maximum in this case, we find that the sentencing court balanced the relevant factors as required and, therefore, did not manifestly abuse its discretion by imposing the sentence it did.") To grant Appellant the sentence he deems "reasonable" in this case would merely substitute our judgment for that of the sentencing court-an improper appellate function. *See Commonwealth v. Stewart,* 867 A.2d 589, 592 (Pa.Super.2005) (explaining that "[i]t is not the function of an appellate court to determine whether it would have imposed the same sentence as the trial court."); *see also Dodge,* 859 A.2d at 785 (Stevens, J., dissenting) (explaining that "[i]t is not the role of the appellate court to engage in fact-finding, in large part, because we are not in a position to make assessments of credibility.")

¶ 19 As noted above, we must accord the sentencing court's decision great weight because it was in the best position to review the Appellant's character, defiance or indifference, and the overall effect and nature of the crime. *Koren, supra.* After review, we cannot conclude that the sentencing court considered these factors in such a manner that a manifest abuse of discretion occurred. We therefore affirm Appellant's judgment of sentence.

¶ 20 Judgment of sentence affirmed.

¶ 21 STEVENS, J. files a Concurring Opinion.

STEVENS, J., Concurring.

¶ 1 I write separately to address the impact the Supreme Court's recent decision in *Commonwealth v. O'Berg,* —— Pa. ——, 880 A.2d 597 (2005) has on appellate

counsel's claim of her own ineffectiveness in failing to raise Appellant's discretionary aspect of sentencing claim in the court-ordered Pa.R.A.P. 1925(b) statement. *See* Majority Opinion at 611 n. 4. In *O'Berg,* the Supreme Court examined *Grant's* [5] general rule that claims of ineffective assistance of trial court should be deferred until collateral review and concluded that there is no "short sentence" exception to the general rule announced in *Grant.* In so doing, the Supreme Court in *O'Berg* specifically stated:

> [W]e believe the best course of action is to reaffirm our decision in *Grant* and reiterate that, as a general rule, claims of ineffective assistance of counsel will not be entertained on direct appeal. Moreover, we take this opportunity to disapprove of any decisions of the Superior Court that are to the contrary.

*O'Berg,* 880 A.2d at 602.

¶ 2 *O'Berg* was filed subsequent to this Court's decision in *Commonwealth v. Wade,* 867 A.2d 547 (Pa.Super.2005), upon which the Majority relies in concluding that Appellant's ineffective assistance of appellate counsel claim is viable on direct appeal. In *Wade,* this Court explained that *Grant's* general pronouncement is inapplicable to assertions that appellate counsel was ineffective in failing to raise a specific issue in a Pa.R.A.P. 1925(b) statement. We held that "by its very wording, *Grant* applies to allegations of ineffective-

ness of trial counsel." [6] *Wade,* 867 A.2d at 555 (emphasis in original).

¶ 3 I conclude *O'Berg* has not overruled this Court's decision in *Wade* and, absent a specific Supreme Court pronouncement that *Grant* is applicable to claims of ineffective assistance of appellate counsel in failing to raise a precise issue in a court-ordered Pa.R.A.P. 1925(b) statement on direct appeal,[7] I agree with the Majority that *Wade* is controlling and permits review of Appellant's underlying discretionary aspect of sentencing claim.

---

**5.** *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002).

**6.** We acknowledged in *Wade* that *"Grant* cannot be avoided by simply layering a claim of ineffectiveness of appellate counsel atop a claim of ineffectiveness of trial counsel." *Wade,* 867 A.2d at 555. Therefore, an appellate counsel's claim that he was ineffective in failing to raise a claim of trial counsel's ineffectiveness in a court-ordered Pa.R.A.P. 1925(b) statement would result in deferral of the claim pursuant to *Grant.* However, in the case *sub judice,* appellate counsel is claiming

that she was ineffective in failing to raise a discretionary aspects of sentencing claim in Appellant's Pa.R.A.P. 1925(b) statement.

**7.** I note that the Supreme Court has applied *O'Berg* twice to find that ineffective assistance of trial counsel claims should be deferred until collateral review. *See Commonwealth v. May,* 2005 WL 3118048, —— Pa. ——, 887 A.2d 750 (Pa.2005); *Commonwealth v. DeJesus,* 880 A.2d 608 (Pa.2005). Neither of these cases dealt with allegations regarding appellate counsel's ineffectiveness.