J-S59025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MIGUEL ALEJANDRO BADELL | : | |
| | : | |
| Appellant | : | No. 3522 EDA 2016 |

Appeal from the Judgment of Sentence October 6, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0003115-2015

BEFORE:   BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 31, 2017**

Miguel Alejandro Badell appeals from the judgment of sentence imposed

October 6, 2016, in the Lehigh County Court of Common Pleas.  The trial court

imposed a statutory maximum sentence of 10 to 20 years' imprisonment, after

Badell entered a guilty plea to one count of aggravated assault,[1] graded as a

first-degree felony, for an attack on his former girlfriend.  On appeal, Badell

challenges the discretionary aspect of his sentence.  For the reasons below,

we affirm.

The facts underlying Badell's guilty plea were summarized by the trial

court as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

On June 5, 2015, Michelle Lee Brown appeared at the Pennsylvania State Police barracks in Fogelsville, Pennsylvania to report an ongoing situation of domestic abuse by her live-in paramour, [Badell]. Ms. Brown related several instances of abuse, including [Badell] threatening Ms. Brown with a knife; head-butting Ms. Brown (resulting in a cracked nose); threatening to "make her disappear;" choking the victim; and showing her a recently purchased gun and subsequently firing a round at Ms. Brown's head. Ms. Brown also related that on another occasion when she refused to have sex with [Badell], he tied her up, brandished a gun, and assaulted and choked her.

Trial Court Opinion, 12/28/2016, at 3-4. Badell was subsequently arrested and charged with aggravated assault (two counts), terroristic threats (four counts), unlawful restraint, simple assault (seven counts), and recklessly endangering another person (four counts).[2]

On August 15, 2016, Badell entered an open guilty plea to one count of aggravated assault. The Commonwealth then withdrew the remaining charges. On October 6, 2016, after considering a pre-sentence investigation report, as well as testimony from both the victim, the victim's daughter, and Badell, the trial court imposed the statutory maximum sentence of 10 to 20 years' imprisonment.[3] Badell filed a timely motion for reconsideration of sentence, asserting the sentence imposed was "manifestly harsh and excessive," given that it was the statutory maximum sentence permitted by

---

[2] **See** 18 Pa.C.S. §§ 2702(a)(1), 2706(a)(1), 2902(a)(1), 2701(a)(1) and (a)(3), and 2705, respectively.

[3] Badell's aggravated assault conviction called for a standard range sentence of 60 to 72 months' imprisonment. **See** Presentence Investigation Report, 10/3/2016, at Guideline Sentence Form. Lehigh County Probation and Parole recommended an aggravated range sentence of seven to 15 years' imprisonment. **See id.** at 14.

law, he accepted responsibility for his crimes and expressed remorse, he has no family on the east coast, and the court punished him for his entire relationship with the victim (including allegations raised for the first time at the sentencing hearing), rather than for the one crime to which he pled guilty. Petition for Reconsideration, 10/17/2016, at 1-2. The court denied the motion the next day. This timely appeal followed.[4]

On appeal, Badell raises four challenges to the discretionary aspects of his sentence. When considering such claims, we must bear in mind:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted), *appeal denied*, 125 A.3d 1198 (Pa. 2015). Furthermore, it is well-settled that:

> [a] challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[4] On November 29, 2016, the trial court ordered Badell to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Badell complied with the court's directive, and filed a concise statement on December 20, 2016.

*Commonwealth v. Grays*, 167 A.3d 793, 815–816 (Pa. Super. 2017) (some citations omitted).

In the present case, Badell complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence, and subsequent notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, before we may address the merits of each of his claims, we must determine whether he has raised a substantial question justifying our review.[5]

In the first challenge, Badell contends the court imposed a sentence above the aggravated range of the guidelines without providing adequate reasons on the record. **See** Badell's Brief at 8. He maintains the sentence imposed was unreasonable, and the court improperly focused solely on his "prior record and the victim impact statement." **Id.** at 9. A claim that the trial court imposed a sentence outside the guideline ranges, without providing adequate reasons on the record for doing so, presents a substantial question for our review. **See Commonwealth v. Griffin**, 804 A.2d 1, 7-8 (Pa. Super.

_____

[5] A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005).

Section 9781(c)(3) of the Sentencing Code requires an appellate court to vacate a sentence imposed outside the guideline ranges if the sentence is "unreasonable." 42 Pa.C.S. § 9781(c)(3). Although the statute does not define "unreasonable," Subsection (d) provides further guidance for the reviewing court:

> **(d) Review of record. --** In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d)(1)-(4). Further, Section 9721 of the Sentencing Code mandates that when determining the appropriate sentence, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

In ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007), the

Pennsylvania Supreme Court considered what constitutes an "unreasonable"

sentence under the statute:

> Generally speaking, "unreasonable" commonly connotes a decision that is "irrational" or "not guided by sound judgment." The Random House Dictionary of the English Language, 2084 (2nd ed.1987); see 1 Pa.C.S. § 1903 (words to be construed according to their common and approved usage). While a general understanding of unreasonableness is helpful, in this context, it is apparent that the General Assembly has intended the concept of unreasonableness to be a fluid one, as exemplified by the four factors set forth in Section 9781(d) to be considered in making this determination. Indeed, based upon the very factors set out in Section 9781(d), it is clear that the General Assembly intended the concept of unreasonableness to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition. ***Cf. United States v. Crosby***, 397 F.3d 103, 115 (2nd Cir. 2005) (explaining concept or reasonableness in context of sentencing matters).

> Thus, given its nature, we decline to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines under Section 9781(c)(3). We are of the view, however, that the Legislature intended that considerations found in Section 9721 inform appellate review for unreasonableness. That is, while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). Moreover, even though the unreasonableness inquiry lacks precise boundaries, we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review.

*Id.* at 963-964.

Here, our review of the sentencing transcript reveals the trial court considered the guideline ranges for Badell's crime, but concluded the facts and circumstances underlying his conviction called for a sentence above the aggravated range of the guidelines. *See* N.T., 10/6/2016, at 5 (trial court stating it reviewed the "presentence investigation report, which had attached thereto sentencing guidelines"). After imposing the 10 to 20-year sentence, the trial court explained:

> This sentence departs from the guidelines. It is in excess of the aggravated range. It is, in fact, the maximum possible penalty that I can impose in this matter. And I do so because you are a repeat violent domestic violence offender.
>
> You have violated previous court orders that have been intended to control your behavior. You have caused what may be irreparable harm to the victim and to her family.
>
> And this has been a course of conduct that has, in my mind, been intended to terrorize and to tear down another human being.

*Id.* at 66. In its opinion, the court further elaborated that the "guilty plea narrative and the testimony taken at the sentencing hearing [demonstrated] the victim was psychologically, physically, and sexually abused by [Badell] during the course of their relationship." Trial Court Opinion, 12/28/2016, at 6. Indeed, Badell's victim, Brown, delivered a powerful victim impact statement that spanned 36 pages in the transcript, and detailed her four-year relationship with Badell, during which time he repeatedly physically and psychologically abused her. *See* N.T., 10/6/2016, at 7-43. Further, the trial court emphasized that Badell had been convicted of domestic violence-related

crimes on two prior occasions in California, and "served significant periods of incarceration for those crimes." Trial Court Opinion, 12/28/2016, at 7.

We find the trial court's comments both at the sentencing hearing and in its opinion, demonstrate that the court considered the factors listed in Sections 9721(b) and 9781(b) before imposing a sentence above the aggravated range of the guidelines. Indeed, the court's focus on Badell's history of domestic abuse and his failure to conform his behavior after two prior convictions, establishes its consideration of the protection of the public and Badell's rehabilitative needs. **See** 42 Pa.C.S. §§ 9721(b); 9781(d)(1). Likewise, the court's emphasis on the psychological and physical harm Badell inflicted on the victim over a sustained period of time evidences its consideration of the gravity of the offense as it relates to the impact on the life of the victim. **See id.** Furthermore, we emphasize that prior to the hearing, the trial court reviewed a presentence investigation report, which Badell's counsel believed was "done very fairly for Mr. Badell," as well as "a packet of letters" supporting Badell, and a "lengthy letter with some attachments" that Badell submitted himself. N.T., 10/6/2016, at 5, 57. Moreover, Badell spoke at the sentencing hearing, and the court was able to hear his apology to the victim and her family. **See id.** at 54-56. Accordingly, Badell's first sentencing claim warrants no relief.[6]

---

[6] We note that Badell's reliance on this Court's decisions in **Commonwealth v. Walls**, 846 A.2d 152 (Pa. Super. 2005), and **Commonwealth v.**

Second, Badell asserts the trial court failed to consider his individual characteristics when imposing the statutory maximum sentence, particularly his rehabilitative needs (including mental health and drug and alcohol treatment), his acceptance of responsibility and his "sincere overtures of remorse."[7] *Id.* at 12. "[A]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review." *Commonwealth v. Rhoades*, 8 A.3d 912, 918-919 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, 132 S.Ct. 1746

_____

*Caraballo*, 848 A.2d 1018 (Pa. Super. 2004), is misplaced. *See* Badell's Brief at 8-10. Although a panel of this Court initially vacated the sentences in both cases based upon the trial court's purported failure to impose individualized sentences, the Pennsylvania Supreme Court reversed on appeal finding, in *Walls*, *supra*, 926 A.2d 957, that the panel "usurped the sentencing court's discretion," and remanding the appeal to this Court for "a re-examination of the judgment of sentence in light of [its] decision[.]" *Id.* at 966, 968. Similarly, the Supreme Court vacated the panel's original decision in *Carabello*, and remanded the matter "for further consideration" in light of its decision in *Walls*. *Commonwealth v. Caraballo*, 933 A.2d 650 (Pa. 2007). Upon remand, both the *Walls* and *Carabello* panels affirmed the judgment of sentence of the trial court in unpublished memorandum decisions. *See Commonwealth v. Walls*, 938 A.2d 1122 [747 MDA 2003] (Pa. Super. 2007); *Commonwealth v. Carabello*, 959 A.2d 458 [1053 WDA 2003] (Pa. Super. 2008).

[7] To the extent Badell argues the trial court erred in failing to order a mental health and drug and alcohol evaluation as part of his pre-sentence investigation, we find that this claim is waived because he did not challenge the absence of these evaluations during the sentencing hearing, nor did he include this argument in his post-sentence motion. *See generally* N.T., 10/6/2016; Petition for Reconsideration, 10/17/2016. *See also Commonwealth v. Miklos*, 159 A.3d 962, 970 (Pa. Super. 2017) (discretionary sentencing issue not preserved during sentencing hearing or in post-sentence motion is waived on appeal).

(U.S. 2012). However, an "excessive sentence claim[ ] in conjunction with an assertion that the court did not consider mitigating factors[,]" does present a substantial question for our review. *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015), *quoting* *Commonwealth v. Dodge*, 77 A.3d 1263, 1272 (Pa. Super. 2013) (*en banc*), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, our review of the sentencing transcript reveals Badell presented no evidence at his sentencing hearing that he suffered from mental health issues or was addicted to drugs or alcohol.[8] The self-diagnosis he presents in his brief, as well as his emphasis on his prior drug arrests,[9] does not change the fact that Badell failed to argue these potential mitigating circumstances before the trial court as excuses for his behavior. Indeed, Badell "insisted he never had a problem with substance abuse" in his presentence investigation interview, despite a history of drunk driving convictions and admitted social drug use. Presentence Investigation Report, 10/3/2016, at 11. He further denied mental health problems, explaining "it's me. I was an asshole. I was

---

[8] We reject Badell's contention that the trial court was required to parse through the victim's impact statement for potential evidence that might mitigate his behavior. *See* Badell's Brief at 11-12.

[9] *See* Badell's Brief at 11-12.

aggressive. I was threatening."[10] *Id.* at 12. Moreover, although Badell did admit his crime by entering a guilty plea, and apologized to the victim and her daughters during the sentencing hearing, the sincerity of his acceptance of responsibility and his remorse was for the trial court to assess.[11] Accordingly,

_____

[10] We note Badell did admit to Lehigh County Probation and Parole that he had been taking steroids for several weeks. *See* Presentence Investigation Report, 10/3/2016, at 12.

[11] Indeed, Badell's version of the incident to which he pled guilty differed greatly from the Commonwealth's recitation of facts at the guilty plea hearing. The Commonwealth described the encounter as follows. On a morning in April of 2015, Badell came downstairs and told the victim "it was the day she was doing to disappear." N.T., 8/15/2016, at 24. He then attempted to lure her into the garage, but she resisted by placing her arms in the doorway. *See id.* Badell then told the victim "it was time to go to sleep" and proceeded to choke her until she was unconscious. *Id.* at 24. When she awoke in the den, Badell was "standing over her asking her where her God was because she was praying as she was placed into unconsciousness by [him]." *Id.* He walked her back to the garage where the trunk of the car was open, and told her again she was going to disappear. *See id.* The victim, however, managed to diffuse the situation.

In the presentence investigation report, Badell described the incident as follows:

> "This morning I grabbed her from behind. I said something aggressive into her ear. For about two seconds, she went limp on me, and I put her down. I honestly thought she was faking. She convulsed. That's when I got scared." When she regained consciousness, [the victim] asked what happened. "I said, 'I don't know. You were flopping like a fish.' She shook two or three times. That's when I realized she wasn't faking. She got up. Her daughter came in with her boyfriend. I stayed away from the house…."

Presentence Investigation Report, 10/3/2016, at 4.

we conclude Badell has failed to demonstrate the trial court neglected to consider his individual characteristics in imposing a statutory maximum sentence.

In his two remaining discretionary sentencing issues, Badell argues: (1) the trial court's comments during the sentencing hearing evidenced its bias against defendants accused of domestic violence, and pre-disposition for sympathy for domestic abuse victims; and (2) the court double counted his prior record when it cited his prior convictions as a factor for imposing a statutory maximum sentence. ***See id.*** at 14, 16. We need not determine whether these claims raise a substantial question because both are waived on appeal. Badell did not include either of these issues in his post-sentence motion, nor did he raise the issues during his sentencing hearing. Accordingly, no relief is warranted. ***See generally*** N.T., 10/6/2016; Petition for Reconsideration, 10/17/2016. ***See also Miklos***, ***supra***.

Therefore, because we conclude Badell's challenges to his sentence are either meritless or waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2017

- 12 -