J-S14013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNON LAMONT JONES | : | |
| | : | |
| Appellant | : | No. 1162 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 2, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001345-2020

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: AUGUST 25, 2022**

Shannon Lamont Jones appeals from the judgment of sentence entered following his guilty plea to failure of disorderly persons to disperse upon official order and recklessly endangering another person ("REAP").[1] Jones challenges the discretionary aspects of his sentence. We affirm.

In February 2021, Jones pled guilty to the above-refenced offenses for his actions in May 2020, when he gathered with others near the City Hall building in Erie, Pennsylvania. Jones refused to leave after the police told him to leave and he threw objects at officers.

After the court accepted his plea, it proceeded immediately to sentencing. Jones stated that he "fe[lt] like stuff was getting out of hand, and,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5502 and 2705, respectively.

you know, people let their actions get the best of them," and he "left in front of the courthouse before the police came off the roof and tear gassed." N.T., 2/2/21, at 10. He said he pleaded guilty because he "was part of everything that was going on." *Id.* Jones' counsel stated that Jones had been incarcerated for seven to eight months and asked the court to consider "a sentence that would include parole today once a parole plan is in place." *Id.* at 9. Counsel said, "You can put some tail on him, but I don't believe it would be necessary for it to be overly long." *Id.* The Commonwealth requested that "as part of the sentence," Jones be required to write "a letter of apology to the mayor and Erie Police Department." *Id.* at 13.

Before pronouncing sentence, the court noted the guideline ranges. It stated that the range for failure to disperse was restorative sanctions to six months, with an aggravated range of nine months. For REAP, the guidelines were three to nine months, with an aggravated range of 12 months. The court then stated, "I don't see any reason I should give anything less than aggravated. He had enumerable amounts of time to remove himself from the situation; he chose not to do it. He wanted to be part of this unruly mob bent on hurting police officers and destroying our downtown." *Id.* at 12. It added, "Our citizens have to be made to know if you're going to engage in that activity against our community, you will have to pay the price. The message has to be sent." *Id.* The Commonwealth informed the court that Jones' prior record included a 2009 conviction for possession with intent to deliver and 2016 convictions for firearms offenses. *Id.* at 13.

The court sentenced Jones to nine to 18 months' imprisonment for the failure to disperse conviction and 12 to 24 months' imprisonment for the REAP conviction. The sentences were consecutive. The court also required Jones to write letters of apology. The court then gave its reasons for imposing aggravated-range sentences:

> I'm taking into consideration the statement of [Jones] as well as the statements of both counsel. I'm taking into account [Jones'] prior record, which obviously is very significant.
>
> I'm also taking into account the egregious acts of [Jones] on the date of May 30th, 2020, where he refused, despite instructions from police, to vacate the area, and not only that, but he took positive steps to try to injure police officers who were just doing their jobs and their civic duties by throwing pebbles. I wonder if they were pebbles.[2] I have doubts about that.

*Id.* at 13.

At sentencing, counsel noted that a defendant's prior record is reflected in the sentencing guidelines. The court responded that even taking that fact into account, it would not alter the sentence:

> Well, I understand that, and that's a good point, but I still believe that the facts of this case warrant an aggravated sentence. He's being sentenced for what happened here, not for his drug and gun convictions. He's being sentenced for what happened on May 30th. I see nothing to mitigate what happened. I think that the actions that he engaged in were aggravated.

*Id.* at 15.

---

[2] The Commonwealth's recitation of the facts stated Jones threw unknown objects. N.T., 2/2/21, at 6. Jones alleged that he threw "[p]ebbles off the street." *Id.* at 11.

Jones filed a motion to modify his sentence arguing the court appeared to give extra weight to his prior criminal record. He contended that even though "that extra weight is envisioned in the sentencing guidelines," the sentences were not only in the aggravated range but "were beyond any reasonable legal justification for sentencing in that range." Motion to Modify/Reconsider Sentence, filed Feb. 4, 2021, at ¶¶ 3, 8. Noting that the sentences were consecutive, he maintained the court failed to state adequate reasons on the record for sentencing him in the high end of the aggravated range.[3] This motion was denied by operation of law. Jones timely appealed.[4]

Jones raises the following issue:

> The sentences in this case were manifestly excessive and clearly unreasonable in their length and consecutiveness, in that the court gave extra weight to Mr. Jones' prior convictions, and the sentences were in the aggravated range without sufficient reasons being placed on the record.

Jones' Br. at 1. The Commonwealth did not file a responsive brief.

Jones' issues go to the discretionary aspects of his sentence, for which there is no automatic right to appellate review. ***Commonwealth v. Banks***, 198 A.3d 391, 401 (Pa.Super. 2018). A defendant may obtain appellate review

---

[3] The Commonwealth took "no position regarding [the post-sentence] motion." Motion to Modify/Reconsider Sentence, filed Feb. 4, 2021, at ¶ 11.

[4] Jones initially filed a notice of appeal on June 17, 2021, after more than 120 days had passed from the filing of the motion, but before the trial court entered an order denying it by operation of law. This Court quashed the appeal and directed the trial court to comply with Pennsylvania Rule of Criminal Procedure 720(B)(3)(C) and enter an order denying the motion by operation of law. The trial court complied, and, after entry of the order, Jones filed this timely appeal.

of discretionary aspects of sentence only if: (1) the appeal is timely; (2) the defendant preserved the issues below; (3) the defendant included in the brief to this Court a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal; and (4) the Rule 2119(f) statement raises a substantial question that the sentence is not appropriate under the Sentencing Code or is contrary to fundamental sentencing norms. *Id.*; Pa.R.A.P. 2119(f).

To obtain review of discretionary aspects of a sentence, the appellant must raise a substantial question that the sentence violates either the Sentencing Code or any fundamental sentencing norm. *Banks*, 198 A.3d at 401. We make the substantial-question determination based on the contents of the Rule 2119(f) statement. *Commonwealth v. Mouzon*, 812 A.2d 617, 621-22 (Pa. 2002). Only if the appellant has raised a substantial question may we turn to the merits of the sentencing claims. *See id.*

In the Rule 2119(f) statement, Jones claims the excessive sentence was not individualized. He further claims the sentence was clearly unreasonable, requiring remand under 42 Pa.C.S.A. § 9781. He argues the sentence was excessive, as it was at the highest aggravated range and ordered to run consecutively. He argues the sentencing guidelines took into account his prior record, and the court erred when, "according to the trial court's sparse comments at sentencing," it gave extra weight to the prior record. He further claims the imposition of consecutive, rather than concurrent, sentences was improper. He maintains that the aggregate sentence was unduly harsh, considering the nature of the crimes and length of imprisonment.

Jones filed a timely appeal and raised the claims in his post-sentence motion. Further, his claims raise substantial questions for our review. A claim the court failed to state adequate reasons for an aggregated-range sentence and double-counted factors incorporated into the guidelines raises a substantial question. *See Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa.Super. 2020); *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa.Super. 2008). Although a bald claim of excessiveness due to consecutive sentences does not raise a substantial question, a claim the imposition is unreasonable, with explanation of the facts and circumstances, raises a substantial question. *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2017). Therefore, we will review the claims.

We review a sentence imposed by the trial court for an abuse of discretion. *Commonwealth v. Christman*, 225 A.3d 1104, 1108 (Pa.Super. 2019) (citation omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010)).

The "central focus" of appellate review of discretionary aspects of sentencing is whether the sentence is unreasonable. *Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007). The Sentencing Code expresses standards for our review, including that this Court must vacate the sentence and remand if we find "the sentencing court sentenced within the sentencing

guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2).

The General Assembly set forth factors that we must consider to determine whether a sentence is unreasonable:

> **(d) Review of record.**—In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d); *accord Walls*, 926 A.2d at 957. "Unreasonableness" in this context is "inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." *Walls*, 926 at 963.

Jones argues the court imposed a harsher sentence than that which was consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of Jones. He claims the court "double-counted" his prior record, which was already included in the sentencing scheme.[5] Jones' Br. at 4. He maintains that although the sentences were within the guidelines, they were clearly unreasonable. Jones' Br. at 5 (citing 42 Pa.C.S.A. § 9781(c)(2)).

---

[5] Jones also claims the court double-counted the facts of the case. He waived this claim for failing to raise it in the post-sentence motion. *See Moury*, 992 A.2d at 170 (claims waived if not raised at sentencing hearing or in post-sentence motion).

He further argues a court cannot just state "any reason" for deviating from the guidelines, but rather it must state why the crime is "more horrendous" than other situations of the same crime. *Id.* at 6. He notes the court did not provide any specifics as to why this case was worse than other cases with the same charges.[6]

Here, the trial court did not abuse its discretion. It provided its reasons for imposition of the aggregate range sentence and the consecutive sentences, including that Jones refused, despite instructions from police, to vacate the area, and took steps to try to injure police officers. Although the court considered Jones' prior record, it was not the sole consideration for imposing a sentence in the aggravated range. In such a case, there is no abuse of discretion. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006); *see also Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa.Super. 2003) (courts permitted to use factors already in guidelines if used to supplement other sentencing information).

Judgment of sentence affirmed.

Judge Pellegrini joins the memorandum.

Judge McCaffery concurs in the result.

_____

[6] Jones relies on this Court's first decision in *Commonwealth v. Caraballo*, 848 A.2d 1018 (Pa.Super. 2004). His reliance is misplaced. The Pennsylvania Supreme Court granted allowance of appeal in *Caraballo*, vacated that decision, and remanded for further consideration in light of *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007). On remand, this Court issued a second decision and affirmed the judgment of sentence. *Commonwealth v. Caraballo*, 959 A.2d 458 (Pa.Super. 2008).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2022