J-S57008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JAMIE MOZELESKI :
:
Appellant : No. 459 MDA 2019

Appeal from the Judgment of Sentence Entered February 26, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001178-2018

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 12, 2019**

Jamie Mozeleski appeals from the aggregate judgment of sentence of 102 to 204 months of imprisonment followed by five years of probation imposed after he pled guilty to aggravated assault and related charges. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's petition to withdraw and affirm the judgment of sentence.

On May 13, 2018, a Duryea police officer observed Appellant driving a vehicle with registration linked to a different vehicle. The officer attempted to initiate a traffic stop; however, Appellant increased his speed and began driving away erratically. Police pursued Appellant for four and one-half miles, as he reached speeds of up to seventy-five miles per hour in a thirty-five miles per hour zone. Appellant repeatedly swerved in and out of traffic and struck

into the same police vehicle multiple times. By the time Appellant was apprehended, he had caused $19,697.06 in damage to the involved police vehicle. Appellant was charged with five counts of aggravated assault, ten counts of various summary traffic violations, and one count each of criminal mischief, recklessly endangering another person, and fleeing or attempting to elude an officer.

On December 3, 2018, Appellant entered a guilty plea to one count each of aggravated assault, criminal mischief, and recklessly endangering another person. The Commonwealth *nolle prossed* the remaining charges. There was no agreement as to what sentence Appellant would receive. Sentencing was deferred so that a presentence investigation report ("PSI") could be prepared. At the sentencing hearing, Appellant's trial counsel requested that the court note that there were discussions of boot camp eligibility during plea negotiations, and advocated for the court to find Appellant eligible for the motivational boot camp program.[1] There was no further mention of boot camp eligibility and the court imposed the aforementioned sentence, which fell within the standard range.

_____

[1] Motivational boot camp is:

A program in which eligible inmates participate for a period of six months in a humane program for motivational boot camp programs which shall provide for rigorous physical activity, intensive regimentation and discipline, work on public projects, substance abuse treatment services licensed by the Department of Health, continuing education, vocational training, prerelease counseling and community corrections aftercare.

*See* 61 Pa.C.S. § 3903.

Appellant filed a timely post-sentence motion, asking the court to reconsider allowing him to participate in the boot camp program due to his rehabilitative needs. The court entered an order denying the motion. Appellant filed a timely notice of appeal and the court ordered him to file a concise statement of errors complained of on appeal. In his concise statement, Appellant again questioned the trial court's finding of boot camp eligibility. Concise Statement, 4/4/19, at unnumbered 1. The trial court issued its Pa.R.A.P. 1925(a) opinion, explaining that it had denied Appellant's request for boot camp eligibility after it "determined that any sentence less than a lengthy period of state incarceration depreciated the seriousness of the Appellant's actions." Trial Court Opinion, 7/12/19, at 9.

In this Court, counsel filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.,*

- 3 -

directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.  If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence.  However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(citations omitted).  Our Supreme Court has clarified portions of the **Anders**

procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.  As required by **Santiago**, counsel set forth the case history, referred to an issue that arguably supports the appeal, stated her conclusion that the appeal is frivolous, and cited to controlling case law which supports that conclusion.  **See Anders** brief at 4-14.  Additionally, counsel gave Appellant proper notice of his right to immediately proceed *pro*

*se* or retain another attorney.[2]  **See Santiago**, **supra**; **see also** Application for Leave to Withdraw, 8/28/19.  Accordingly, we proceed with an independent examination of the record in order to discern if any non-frivolous issues exist. **Commonwealth v. Dempster**, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified one issue that arguably supports this appeal: "Whether the trial court erred when it failed to impose a boot camp eligible sentence by waiving Appellant's ineligibility due to an aggravated assault charge?"  **Anders** brief at 4.

This issue challenges the discretionary aspects of Appellant's sentence. Specifically, Appellant attacks the trial court's failure to consider his need for the "intense structure and discipline of boot camp" and, thus, waive his ineligibility for the program.  **Anders** brief at 5.  The following principles apply to our consideration of whether review of the merits of his claim is warranted. "An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right.  Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction." **Commonwealth v. Samuel**, 102, A3d 1001, 1006-07 (Pa.Super. 2014).  In determining whether an appellant has invoked our jurisdiction, we consider four factors:

_____

[2] Appellant did not file a response to counsel's petition.

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*.

Appellant filed both a timely motion for reconsideration of his sentence and a notice of appeal. In his motion, Appellant asked the court to reconsider its boot camp ineligibility decision. He also raised this issue in his concise statement of errors complained of on appeal. Therefore, Appellant properly preserved this issue and we now proceed to determine whether Appellant has raised a substantial question. *Id*.

Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). In his statement, Appellant claims that a substantial question is presented by the fact that the trial court failed to address his boot camp eligibility at sentencing and did not state any reasons for why it would not grant his request. *Anders* brief at 9. We find that this claim raises a substantial question, as it challenges the adequacy of the reasons given by the trial court for its sentencing choice. *See Commonwealth v. Marts*, 889 A.2d 608, 613 (Pa.Super. 2005). Accordingly, we now turn our attention to the merits of Appellant's challenge to his sentence.

The following principles apply to our substantive review of Appellant's claim: "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009). Instead, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather[,] the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

Appellant alleges that the trial court erred when it did not make him eligible for boot camp. An eligible inmate is:

> A person sentenced to a term of confinement under the jurisdiction of the Department of Corrections who is serving a term of confinement, **the minimum of which is not more than two years and the maximum of which is five years or less, or an inmate who is serving a term of confinement, the minimum of which is not more than three years where that inmate is within two years of completing his minimum term**, and who has not reached 40 years of age at the time he is approved for participation in the motivational boot camp program. . .

61 Pa.C.S. § 3903 (emphasis added). When a request for motivational boot camp is noted, a sentencing court is required to:

. . . employ the sentencing guidelines to identify those defendants who are eligible for participation in a motivational boot camp. The judge shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp. The judge shall note on the sentencing order whether the defendant has been identified as eligible for a motivational boot camp program.

61 Pa.C.S. § 3904(b).

A review of the eligibility provision of the motivational boot camp statute reveals that the length of Appellant's standard range sentence statutorily precluded the possibility of his participation in boot camp. *See* 61 Pa.C.S. § 3903. Additionally, the sentencing court is not statutorily required to state reasons on the record for its boot camp determination. 61 Pa.C.S. § 3904(b). Thus, this aspect of Appellant's claim fails. Therefore, we proceed to consider whether the trial court complied with traditional sentencing consideration requirements.

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Antidormi***, ***supra*** at 761 (citations and quotation marks omitted). Finally, when the trial court has been informed by

a PSI report, it is presumed that the trial court is aware of and has been informed by all appropriate sentencing factors and considerations. ***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa.Super. 2017).

Pursuant to 42 Pa.C.S. § 9781(c), we can vacate and remand only if we find: (1) that the court intended to sentence within the guidelines, but "applied the guidelines erroneously;" (2) a sentence was imposed within the guidelines, "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or (3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). The instant sentence is a standard-range sentence. Therefore, it must be affirmed unless it is unreasonable. While unreasonableness is not defined in the statute, it "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" ***Commonwealth v. Walls***, 926 A.2d 957, 963 (Pa. 2007).

Appellant argues that his sentence was excessive because the court did not consider his rehabilitative needs, or state on the record the reasons for its sentence, when it failed to make him eligible for boot camp. ***Anders*** brief at 5, 13. However, Appellant fails to establish that the instant sentence is unreasonable. The certified record demonstrates that the trial court properly relied on several factors in electing to impose a lengthy sentence of imprisonment, all of which demonstrated that the court followed the general principles outlined in § 9721(b). In fashioning the judgment of sentence, the

trial court referenced Appellant's PSI report, arguments made by the defense attorney, Appellant's allocution, and the nature of the crime. N.T. Sentencing Hearing, 2/26/19, at 1-4. In its opinion, the court went into further detail:

> . . . In thoroughly reviewing the PSI, this [c]ourt became aware of the Appellant's relevant history and background, prior record score of five (5) as well as the particular circumstances of the offenses committed, specifically, that the Appellant fled from police for over four and half (4.5) miles and put law enforcement in danger by repeatedly ramming and hitting their vehicle, as well as causing extensive damage. This [c]ourt also considered the fact that the Appellant amassed a lengthy criminal history both as a juvenile and as an adult, consisting of ten prior convictions, including past convictions for fleeing and eluding police officers as well as multiple probation/parole violations. This demonstrated the Appellant's failure to rehabilitate and continued criminal behavior and defiance towards law enforcement and legal authority. Considering the escalating nature of the Appellant's addiction, reckless driving, and danger to society, this Court determined that any sentence less than a lengthy period of state incarceration depreciated the seriousness of the Appellant's actions. Therefore, this Court did not recommend boot camp eligibility, rather this Court imposed a standard range sentence within the statutory maximums of each offense.

Trial Court Opinion, 7/12/19, at 9.

Our review confirms that the trial court weighed Appellant's rehabilitative needs, along with the seriousness of the crime and prior unsuccessful attempts at probation and parole, when determining Appellant's sentence. We have no authority to reweigh the mitigating circumstances against the aforementioned factors. *Macias*, *supra*, at 778. Also, the trial court placed on the record its reasons for imposing the sentence Appellant received. Accordingly, the trial court acted well within its discretion when it

imposed a lengthy period of incarceration on Appellant, rendering him ineligible for the motivational boot camp program.[3]

Further, we have conducted a "full examination of the proceedings" and have determined that the appeal is not in fact "wholly frivolous," or lacking any basis in law or fact. **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa.Super. 2015); **see also Santiago**, **supra** at 355-56 n. 10. To the extent there is an exercise of discretion on the imposition of a sentence that ultimately precludes boot camp we cannot say there is no basis in the law for this argument.[4] Therefore, we cannot grant counsel's petition to withdraw.

_____

[3] To the extent Appellant wishes to challenge the court's failure to make him boot camp eligible as a violation of his plea agreement, the record belies this argument. **Anders** brief at 12. A review of the written and oral guilty plea colloquies reveals that boot camp was never discussed or included as a condition of Appellant's plea agreement. Accordingly, no relief is due. **Commonwealth v. Turetsky**, 925 A.2d 876, 881 (Pa.Super. 2007) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds of withdrawing the plea which contradict the statements he made at his plea colloquy.") (citation omitted).

[4] While we are not in possession of an advocate's brief in this matter, we do not believe that a remand is necessary. Since a review of the exercise of discretion is a question of law, this court is capable of conducting a thorough review of the record and we have done so here.

However, since our review did not disclose any arguably meritorious claims,[5] we affirm the judgment of sentence. **Dempster**, **supra** at 273.

Judgment of sentence affirmed.

Judge Musmanno joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2019

---

[5] We undertook our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014). No viable claims or defenses on those subjects are apparent from the record before us.