J-S04027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARTINA WESTCOTT | |
| Appellant | No. 482 EDA 2019 |

Appeal from the Judgment of Sentence October 9, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000935-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.                    **FILED MAY 5, 2020**

Appellant, Martina Westcott, appeals from her aggregate judgment of sentence of 22—44 years' imprisonment for third degree murder and carrying a firearm without a license.[1]  Appellant contends that the trial court abused its discretion by imposing excessive consecutive sentences on these charges without adequate consideration of mitigating factors.  We affirm.

The trial court summarized the relevant facts as follows:

On December 21, 2016, the victim, Terrell Bruce, broke up with his girlfriend, [Appellant], through text message.  Thereafter, [Appellant] repeatedly texted and called Bruce, pleading with him to agree to see her.  Her last phone call to Bruce was on the morning of December 27, 2016.

That afternoon, at approximately 12:30 P.M., Bruce was driving his vehicle, with [Appellant] in the passenger's seat, towards the

---

[1] 18 Pa.C.S.A. §§ 2502 and 6106.  The court imposed concurrent sentences for carrying a firearm on a public street of Philadelphia, 18 Pa.C.S.A. § 6108, and possession of an instrument of crime, 18 Pa.C.S.A. § 907.

Walnut Lane Circle in Philadelphia. As the vehicle entered the circle, [Appellant] pulled out a firearm and shot Bruce in the head. Bruce lost control of his vehicle and it collided with another vehicle. Witnesses to the collision observed [Appellant] immediately exit the vehicle and walk away from the scene. Video surveillance later captured [Appellant] arriving on foot to her mother's home, which was located approximately three-and-a-half miles away from the scene.

As [Appellant] fled the scene, she threw her jacket over the Walnut Lane Bridge. The jacket was later recovered by the Philadelphia Police Department's Crime Scene Unit. Forensic testing revealed gunshot residue, [Appellant]'s DNA, and blood, which contained Bruce's DNA. In addition, police recovered a firearm, which was buried under leaves in a location along the route that [Appellant] traveled after the shooting. Police matched the firearm to a handgun that [Appellant] had purchased on November 20, 2016. She did not have a license to carry the firearm. Forensic testing revealed that [Appellant]'s DNA was on the gun.

Bruce was declared dead at the scene of the shooting. An autopsy was performed and it was determined that Bruce was shot at close range in his right ear. The bullet was recovered and it matched the gun that [Appellant] had previously purchased.

Trial Court Opinion, 4/30/19, at 2-3.

On June 18, 2018, Appellant pleaded guilty to the aforementioned crimes. On October 9, 2018, the trial court imposed sentence. Appellant filed timely post-sentence motions, which the court denied on February 1, 2018. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal:

Is the sentence imposed unduly harsh and excessive under the circumstances of this case where the sentencing court expressly acknowledged that "there are mitigating factors here" but did not impose a sentence in the mitigated range of the applicable

sentencing guidelines, but rather imposed a sentence at the top of the standard range applicable under the sentencing guidelines on every charge?

Appellant's Brief at 5.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Instead, where, as here, an appellant challenges the discretionary aspects of sentence, this Court treats her appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

Appellant satisfies the first three requirements of this test, because she filed a timely appeal to this Court, preserved the issue on appeal through post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in her brief.

The fourth factor, whether Appellant raises a substantial question, warrants more discussion. On one hand, this Court has "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. DiSalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). On the other hand, we have held that a "challenge to the imposition of . . . consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider [the defendant's] rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015). Here, as in *Swope*, Appellant complains that the trial court imposed consecutive sentences without adequately considering mitigating factors, *e.g.*, Appellant's bipolar disorder and her remorse for her crimes. Accordingly, we conclude that she has raised a substantial question to the discretionary aspects of her sentence.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion." *Commonwealth v. Anderson*, 552 A.2d 1064, 1072 (Pa. Super. 1988). The sentencing court must consider the need to protect the public, the gravity of the offense in relation to the impact upon the victim, the rehabilitative needs of the defendant, and the sentencing guidelines. 42 Pa.C.S. § 9721(b); *Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005). "[Where] the trial court has the benefit of a pre-sentence

report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." ***Commonwealth v. Seagraves***, 103 A.3d 839, 842 (Pa. Super. 2014). Further, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Moury***, 992 A.2d at 171; ***see also*** 42 Pa.C.S. § 9781(c)(2) (sentence within the guidelines only should be vacated if "the case involves circumstances where the application of the guidelines would be clearly unreasonable").

As to consecutive sentences, "long standing precedent . . . recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005). We will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010).

Appellant argues that the trial court overlooked multiple mitigating factors at sentencing, including (1) her extreme remorse, (2) her bipolar disorder, which she inherited from her father, (3) her mental health treatment and counseling following her arrest, (4) the abuse she suffered as a child, (5)

her spotless arrest record prior to this case, (6) her educational background, including an undergraduate degree from the University of Pennsylvania and a master's degree, (7) her employment record at the Department of Health, (8) her volunteer work in Guatemala during college, (9) her volunteer work in her church, and (10) her work tutoring other prison inmates. The court did not overlook these factors. To the contrary, it reviewed a pre-sentence report and stated on the record that it reviewed all mitigating factors. N.T., 10/9/18, at 61; Trial Court Opinion, 4/30/19, at 4-5.

Appellant also complains that the court failed to give appropriate weight to the mitigating factors, because it sentenced her at the top of the standard guideline range for each offense and then imposed consecutive sentences for these offenses. The court cogently addressed this argument in its opinion:

> While it is true that each sentence was at the top of the standard range, and the murder and carrying a firearm without a license sentences were to run consecutively, the sentence was well justified for the reasons explained by the Court in detail during the sentencing hearing. Specifically, the Court noted that the killing [Appellant] committed was not within the heartland of the typical third-degree murder case. First, the evidence established that [Appellant] brutally assassinated the victim, shooting him in the head at point-blank range, as he was driving and looking at the road ahead. Moreover, the evidence indicated that [Appellant]'s actions were calculated, as she purchased the gun approximately one month prior to the murder and ultimately fired the weapon at the victim after he ended their relationship and attempted to cut off all communication with her. Accordingly, the Court's sentence was neither excessive, nor unreasonable.

Trial Court Opinion, 4/30/19, at 5. The trial court further observed that Appellant's mitigation evidence **did** have a positive impact on her sentence by

convincing the court to reject the Commonwealth's recommendation of aggravated range sentences and impose standard range sentences instead. *Id.* at 6.

For these reasons, we concluded that Appellant's sentence was an appropriate exercise of the trial court's discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/05/2020