J-S63036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORDAN LEE BOYERS, | |
| Appellant | No. 942 MDA 2014 |

Appeal from the Judgment of Sentence January 29, 2014
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0001637-2011

BEFORE: BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 24, 2015**

Appellant, Jordan Lee Boyers, appeals from the judgment of sentence imposed following his guilty plea to aggravated assault, simple assault and recklessly endangering another person (REAP).[1] Appellant claims his sentence is excessive. We affirm.

On May 30, 2012, Appellant entered a counseled open guilty plea to the three counts noted. (**See** N.T. [Guilty Plea], 5/30/12, at 1-5). On January 29, 2014, after the remand, the court re-sentenced Appellant to an

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This case returns to us after remand. **See Commonwealth v. Boyers**, 96 A.3d 1086 (Pa. Super. 2014) (unpublished memorandum); **see also Commonwealth v. Boyers**, 87 A.3d 380 (Pa. Super. 2013) (unpublished memorandum).

aggregate term of not less than two years nor more than eight years' incarceration in a state correctional institution, with credit for time served.[2] (**See** Order, 1/29/14, at unnumbered pages 1-2).

Appellant timely filed a counseled post-sentence motion. The Commonwealth filed a brief in opposition. On May 20, 2014, the trial court denied the motion and affirmed the sentencing order of January 29, 2014, in an order with accompanying opinion. This timely appeal followed.[3]

Appellant raises one question for our review:

> 1. Whether the sentencing judge abused his discretion in sentencing Appellant to a minimum of two (2) years to a maximum of eight (8) years [?]

(Appellant's Brief at 3).

Appellant argues his sentence was excessive for a first offense, and notes that the victim asked that he not receive a harsh punishment. (**See** Appellant's Brief, at 9-10).

_____

[2] In the re-sentencing order, the sentencing court merged count 3, REAP, with count 1, aggravated assault, resolving the issue for which the case was remanded. Because the sentence for count 2, simple assault (not less than one month nor more than two years' incarceration in a state correctional institution) was imposed concurrently, the aggregate sentence was the same as the sentence for count one, (aggravated assault), *viz.*, not less than two years' nor more than eight years' incarceration in a state correctional institution.

[3] Appellant timely filed a statement of errors. The trial court filed an order in lieu of an opinion, referencing its order and opinion of May 20, 2014, denying Appellant's post-sentence motion. (**See** Order 6/10/14).

Appellant's claim challenges the discretionary aspects of his sentence.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006)

(citation omitted). Furthermore,

> Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This appeal is, therefore, more appropriately considered a petition for allowance of appeal. 42 Pa.C.S.A. § 9781(b). Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he or she must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b)[.]
>
> The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 611–12 (Pa. Super. 2005)

(footnote and case citations omitted).

Here, Appellant has included a Rule 2119(f) statement. (**See** Appellant's Brief, at 7). However, the statement consists almost entirely of a narrative recitation of the sentence, and a brief statutory reference to 42

Pa.C.S.A. § 9781. Appellant has failed to meet either of the two requirements for a review on the merits.[4] **See Marts**, **supra** at 611-12. Therefore, Appellant's statement fails to raise any substantial question that his sentence is not appropriate under the Sentencing Code or the fundamental norms underlying the sentencing process. **See id.**; **see also Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (rejecting allegation which failed to raise substantial question) (collecting cases).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015

_____

[4] Even if we were to determine that the statement did raise a substantial question, we would find no merit to the underlying allegation. **See Griffin**, **infra** at 937. The sentencing court had the benefit of a Presentence Investigation Report, and sentenced Appellant to a sentence near the minimum of the standard range. (**See** N.T. [Sentencing], 11/21/12, at 5; **see also** Trial Court Opinion, 6/10/14, at 7-8). Appellant rammed his girlfriend/victim's car until it spun out, dragged her from the car and assaulted her physically until the police arrived. (**See** Trial Court Opinion, 5/20/14, at 2-3). The court expressed concern that Appellant had used his vehicle as a weapon, making him a risk not only to the victim in particular, but also to the general population. (**See** N.T. [Sentencing], 11/21/12, at 4). We discern no basis for a finding of abuse of discretion.