J. S27014/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :     IN THE SUPERIOR COURT OF
                                                     :          PENNSYLVANIA

                              v.              :

                                            :

SAMUEL S. WALLACE,            :         No. 679 EDA 2014

                                            :

                   Appellant     :


Appeal from the Judgment of Sentence, January 17, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011143-2012


BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 20, 2015**

Appellant appeals from the judgment of sentence imposed following his conviction for various sex offenses committed against the minor daughter of his girlfriend.  Finding no merit in the issues raised on appeal, we affirm.

The trial court accurately summarized the factual background:

> In October 2011, Defendant and [H.C.] began a dating relationship.  In February 2012, Defendant moved into [H.C.]'s house where [H.C.]'s daughters, K.C. and [M.], also resided.  N.T. 09/19/2013 at 194-95.  In June 2012, K.C., who was then 14 years old, attended a cookout at her aunt's house in Philadelphia in celebration of her eighth-grade graduation.  At one point during the cookout, K.C. was upstairs watching television.  Defendant came into the room where K.C. was watching television and started to tickle her all over her body.  Although Defendant's tickling made her uncomfortable, K.C. did not tell anyone about the incident because she believed her mother was happy to be dating Defendant. *Id.* at 57-59, 158-60.

---

* Former Justice specially assigned to the Superior Court.

A few days later, K.C. was alone with her sister in her mother's apartment in Philadelphia. Defendant started to touch K.C., including kissing and blowing on her neck. K.C. went into a bathroom to get away from Defendant and closed the bathroom door. Defendant attempted to open the bathroom door, but he ultimately walked away. K.C. did not say anything to her mother about this incident because she was scared. *Id.* at 59-61, 160-61.

On June 17, 2012, K.C. moved into her grandmother's house in Philadelphia with her mother and her sister. Around 9:00pm or 10:00pm that night, K.C. was downstairs watching a movie when Defendant came into the room and started to touch her all over her body, including her neck and chest. As he was touching her, Defendant was telling K.C. that she was beautiful. Defendant then took off his pants and put his penis in between her thighs. As he was behind her, he started to go back and forth with his penis between her thighs. Shortly thereafter, Defendant ejaculated into his hand and then ran into the kitchen. K.C. did not say anything to her mother about this incident because she was scared. *Id.* at 61-66, 142-52, 170-72.

On June 21, 2012, K.C. was sleeping in her grandmother's room with her sister when Defendant woke her up around 9:00am and told her to come to the middle bedroom. K.C.'s mother was not home at the time. When K.C. entered the middle bedroom, Defendant removed his pants and laid on top of her. K.C. was wearing a long t-shirt and underwear. Defendant removed K.C.'s underwear, pushed down on her shoulders with his hands, put her legs up in the air and started thrusting with his penis back and forth into her vagina. Defendant stopped thrusting when he had ejaculated. K.C. did not consent to Defendant inserting his penis into her vagina. Later that same day, Defendant told K.C. that "we shouldn't be doing this anymore." K.C. did not say anything to her mother or grandmother about this

> incident because she was scared that Defendant would hurt her or her sister. **Id.** at 66-72, 167-69, 172-73.

Trial court opinion, 11/3/14 at 1-3.

On September 19, 2013, a jury found appellant guilty of unlawful contact with minor, statutory sexual assault, corruption of minors, and indecent assault of a person under 16.[1]  On January 17, 2014, appellant was sentenced to an aggregate 7 to 20 years' imprisonment, which sentence was in the aggravated range of the Sentencing Guidelines.  This timely appeal followed.

Appellant raises two issues on appeal:

> I.  Did the Honorable Court err when it overruled the Defendant's well placed objection during the closing argument of the prosecutor, where the prosecutor, by the totality of her words, vouched for the truth of the complaining witness?

> II.  Is the Defendant entitled to a remand to the Sentencing Court for a new sentencing hearing where the Sentencing Court abused its discretion and imposed a sentence that was manifestly excessive?

Appellant's brief at 3.  We will address these matters in the order presented.

> Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion.  In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one.  Not every inappropriate remark by a prosecutor constitutes

---

[1]  18 Pa.C.S.A. §§ 6318(a)(1), 3122.1(b), 6301(a)(1)(i), and 3126(a)(8), respectively.

reversible error. A prosecutor's statements to a jury do not occur in a vacuum, and we must view them in context. Even if the prosecutor's arguments are improper, they generally will not form the basis for a new trial unless the comments unavoidably prejudiced the jury and prevented a true verdict.

*Commonwealth v. Toritto*, 67 A.3d 29, 37 (Pa.Super. 2013), *appeal denied*, 80 A.3d 777 (Pa. 2013), quoting *Commonwealth v. Lewis*, 39 A.3d 341, 352 (Pa.Super. 2012), *appeal denied*, 51 A.3d 838 (Pa. 2012) (internal quotes and citations omitted).

The nature of the prosecutorial misconduct alleged here is that the prosecutor improperly personally vouched for the credibility of the victim, K.C.

Although a prosecutor may comment on the credibility of the defendant or other witnesses, it is improper for a prosecutor to express a personal belief as to their credibility. *Commonwealth v. Chmiel*, 585 Pa. 547, 889 A.2d 501, 545 (2005). A prosecutor may make fair comment on the admitted evidence and may provide fair rebuttal to defense arguments. *Commonwealth v. Spotz*, 616 Pa. 164, 47 A.3d 63, 97 (2012) (quoting *Commonwealth v. Spotz*, 610 Pa. 17, 18 A.3d 244, 288 (2011) (additional citations omitted)). Even an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks. *Id.* Any challenge to a prosecutor's comment must be evaluated in the context in which the comment was made. *Id.* The effect of the prosecutor's remarks must be evaluated in the context and atmosphere of the entire trial. *Commonwealth v. Cox*, 556 Pa. 368, 728 A.2d 923, 932 (1999) (citing *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873, 882 (1975)).

Moreover, not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial. **Commonwealth v. Cox**, 603 Pa. 223, 983 A.2d 666, 687 (2009). "Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict." **Id.** To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial. **Id.** at 685 (quoting **Greer v. Miller**, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)). The touchstone is the fairness of the trial, not the culpability of the prosecutor. **Id.**

**Commonwealth v. Sanchez**, 82 A.3d 943, 981 (Pa. 2013), **cert. denied**,

**Sanchez v. Pennsylvania**, 135 S.Ct. 154 (2014).

Appellant objects to the following comment by the prosecutor to the

jury:

I'm going to ask you to come back out and use your voices in a way that [K.C.] wasn't able to. I'm going to ask you to come back when you render your verdict, tell [K.C.] you don't have to write in your journal anymore about Mr. Sam. He's not going to hurt you anymore. We believe you.

Notes of testimony, 9/18/13 at 169-170.

We find appellant's argument to be specious. Frankly, the prosecutor's

statement in no way expresses her personal belief as to the veracity of K.C.

We see no possible interpretation of the quoted language where it can be

viewed as the prosecutor's personal belief. Rather, the prosecutor is merely

exhorting the jury to believe K.C. There is no error here whatsoever.

Appellant next argues that his sentence is excessive. Such an issue goes to the discretionary aspects of appellant's sentence.

> Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This appeal is, therefore, more appropriately considered a petition for allowance of appeal. Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his [or her] brief a concise statement of matters relied upon for allowance of appeal with respect to the discretionary aspects of his [or her] sentence. Pa.R.A.P. 2119(f). Second, he or she must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b)[.]

*Commonwealth v. Seagraves*, 103 A.3d 839, 841 (Pa.Super. 2014), quoting *Commonwealth v. Marts*, 889 A.2d 608, 611-612 (Pa.Super. 2005) (footnote and citations omitted).

Instantly, appellant's brief does contain a concise statement of reasons for allowing an appeal of the discretionary aspects of his sentence. Therein appellant asserts that his sentence was manifestly excessive in that the court did not adequately consider his mitigating circumstances, and because the court did not give a contemporaneous written statement of its reasons for imposing the sentence.

We note that our cases have held that a substantial question is raised where an assertion is made that a sentence is excessive because it is in the aggravated range of the sentencing guidelines and the court failed to adequately consider mitigating circumstances. *Commonwealth v. Moury*,

992 A.2d 162, 171 (Pa.Super. 2010). Although appellant's statement fails to link his aggravated range sentence with the failure to consider mitigating circumstances, we will give appellant the benefit of the doubt and find that a substantial question has been presented on this basis.

The trial court announced at sentencing that it had a pre-sentence report. (Notes of testimony, 1/17/14 at 4.) As such, the court is presumed to have considered mitigating factors:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Thus, there is no merit to appellant's assertion that the court did not consider his mitigating circumstances in imposing an aggravated range sentence.

Finally, as to the trial court's alleged failure to provide a contemporaneous written statement of reasons for its sentence, this does not go to whether a substantial question exists, but rather to the viability of the sentence itself. This court has held that where a court imposes a sentence outside of the Sentencing Guidelines, it must provide a contemporaneous written statement of its reasons for the deviation. *Commonwealth v. Antidormi*, 84 A.3d 736, 760-761 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). However, this court has also held that this requirement is satisfied when the court states its reasons for the sentence on the record and in the defendant's presence. *Id.* We find that the court adequately stated the reasons for its sentence in the presence of appellant at sentencing:

> **THE COURT**: All right. Thank you. Mr. Wallace, in this matter, I've already stated the guidelines, and let me review the following from the presentence report as well as the other documents, which are part of the sentencing record. Some of these are mitigating factors, some are aggravating factors.
>
> First, there's no doubt that the defendant has some prior history of employment as well as the family support. Those are both mitigating factors. There are potentially, other mitigating factors, mental health issues, drugs and alcohol treatment.
>
> However, on the other hand, there are aggravating factors that would be in my view, the extensive impact that these crimes have had on the victim the prior efforts of rehabilitation that ultimately, were not successful ending in revocation

of probations that you previously went through the juvenile system. That was unsuccessful.

Due to the following, the convictions that he had as an adult -- and let me state for the record, I'm not considering as part of the sentence the prior arrest for rape, which was ultimately found to be not guilty by a jury of his peers.

And considering the protection of the public, the nature and gravity of this offense as it relates to the community and to the victim and rehabilitative needs of the defendant, considering the guidelines of the presentence report, the other documents which were admitted, counsel's arguments, statements of support from the defendant's family and statements of impact as it relates to the victim's family, my observations of the defendant both during trial and the sentencing hearing, it is my intention to sentence the defendant . . .

Notes of testimony, 1/17/14 at 30-31.

Plainly, the trial court provided adequate reasons for appellant's aggravated range sentence. We find no merit here.

Accordingly, having found no merit in the issues raised on appeal, we will affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2015