J-S43043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW R. FISHER | : | |
| | : | |
| Appellant | : | No. 614 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 4, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000297-2021

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED: MAY 10, 2024**

Appellant, Matthew R. Fisher, appeals the judgments of sentence that the Luzerne County Court of Common Pleas imposed after he entered a guilty plea to criminal solicitation to commit statutory sexual assault and criminal attempt to commit unlawful contact with minors.[1]  On direct review, he challenges the discretionary aspects of his sentence, claiming that the plea court imposed a manifestly excessive sentence by imposing consecutive terms of imprisonment and failing to consider his mitigating sentencing factors.  We affirm.

An affidavit of probable cause, attached to Appellant's criminal complaint, indicates, as follows, that his convictions stemmed from

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 902(a)/3122.1(b) and 901(a)/6318(a)(1), respectively.

arrangements and communications he made with the intention of having

sexual relations with a fifteen-year-old boy:

> Investigators received the report of an adult male subject who attempted to have unlawful contact with a minor on June 19, 2020.
>
> A witness reports on June 19, 2020[,] he communicated with a subject using the screen name 'Matthew' on the social networking and online dating application Grindr. The username Matthew has a photo of a dog associated with it. During said communication[,] 'Matthew' communicates by asking the witness if he wants to meet up and have sex. Afterward, the witness identified himself as a 15-year-old boy. It was after said identification the subject asks the witness if he had nude pictures and wants the witness's address. Arrangements were made for the subject and witness to meet.
>
> The witness subsequently provided a communication device that contained digital images of text message content as well as video that confirmed the report. A forensic extraction of the device was performed.
>
> A review of same disclosed subject 'Matthew' wanted to meet the witness to have sex and forwarded a photograph that included an exposed penis. Matthew also asked the witness for nude pictures and to send him his address. When the witness asked if age was important, Matthew responded no, and asked his age. The witness replied, 15, and asked Matthew his age. Matthew responded 38 and again asked the witness if he had any nude pictures. The witness forwarded his location, and it was arranged that Matthew would proceed there. The location was described as a big lot. When Matthew arrived, he indicated he arrived. The witness replied he would be coming outside to meet Matthew at his car.
>
> The video depicted the witness approaching a subject in a parked, dark colored Ford. The subject is observed sitting in the driver's seat holding what appeared to be an Apple I phone XR in a red colored case. The subject was looking at its display. When the subject observes the witness near his car[,] he places the phone, display side down, onto his lap. The witness motions to the

subject to lower the car window. The witness confronts the subject about being there to meet a 15-year-old boy and the subject briefly speaks before the subject quickly places the car into drive and rapidly drives off the lot. The video also indicates it was recorded in Wilkes Barre on June 19, 2020 in a lot at the corner of Market and River Streets.

The witness identified said subject as Matthew Raymond Fisher from his photo displayed on the Pennsylvania State Police Megan's Law website. Fisher's identity was further confirmed by his photo with the Pennsylvania Department of Transportation.

On August 27, 2020[, State] Trooper[ ]Justin Leri, Detective Charles Balogh[,] and [Detective Robert Lehman] located Fisher at a residence in Blakeslee, Pa. Fisher's vehicle, the same observed in the witnesses' video was in the driveway.

Fisher consented to an interview at the Pennsylvania State Police Stroudsburg barracks. At 1123 hrs. [Trooper] Leri mirandized Fisher.

At 1156 hrs. Fisher consented to a search of his cellular phone. The phone, an Apple I phone XR, possessed the same colored case that the phone he possessed in said video.

Investigators questioned Fisher regarding the allegation that on June 19, 2020 he attempted to meet and have sexual contact with whom he believed to be a 15-year-old boy.

Fisher said the person who[m] he had been texting with said he was "22 or whatever." Investigators corrected Fisher and displayed a copy of the text message content that provides the person identified himself as a 15-year-old boy. Afterward, Fisher does not deny said age was any different, and when asked if he recalled the conversation, he replied in the affirmative.

Fisher admitted he asked for nude pictures from said person after he identified himself as a 15-year-old boy.

Fisher provided that a photo of his dog appears next to his username 'Matthew' within the text message content associated with the aforementioned communication with the witness on Grindr. After meeting with the witness, Fisher said he deleted the Grindr application. However, [he] has since reactivated it. He

reports that since reactivating said account, he will not meet anyone who reports to be under the age of 18.

Affidavit of Probable Cause, 1/6/21, 1-2 (upper case names reformatted).

On September 8, 2021, Appellant entered a guilty plea to the above-referenced offenses after executing a written guilty plea agreement and participating in an oral colloquy conducted by the plea court. N.T. 9/8/21, 2-9. As part of the colloquy, he agreed that, on June 19, 2020, he encouraged or requested an individual purporting to be fifteen years old to engage in conduct which would constitute statutory sexual assault and that he performed an act which constituted a substantial step toward the commission of the crime of unlawful contact with a minor. *Id.* 6-7. The record did not include any reference to any agreements for sentencing recommendations made in connection with the entry of the plea. Sentencing was deferred for an evaluation by the Sexual Offenders Assessment Board (SOAB) and the preparation of a pre-sentence investigation report. *Id.* at 9. A subsequent SOAB report opined that Appellant met the criteria set forth in law as a sexually violent predator. Commonwealth's Motion to Schedule Sexually Violent Predator Hearing, 11/24/21, ¶ 4.

On March 4, 2022, the plea court sentenced Appellant to 30 to 84 months' imprisonment for criminal solicitation to commit statutory sexual assault, to be served consecutive to any other sentence that Appellant might have already been serving at that time, and a consecutive term of 30 to 84 months' imprisonment, to be followed by three years' probation, for criminal

attempt to commit unlawful contact with minors.[2, 3] Sentencing Order, 3/4/22, 1; N.T. 3/4/22, 14. The court prefaced the imposition of the sentence with the following remarks:

> Having again reviewed the presentence report and everything offered here today, I do note the defendant appearing to be remorseful and accepting of responsibility by his plea and by what he is stating here, and I do note some of the mental health issues that were referenced in the presentence report and referenced in the sexual offender's report, however, I am very concerned with the nature of the offenses involved and the fact that the defendant has a prior sexual related offense involving a minor on his record

---

[2] The imprisonment terms were within the standard range recommended by the Sentencing Guidelines. For each of the offenses, the guidelines recommended a minimum imprisonment term of 27 to 33 months' imprisonment, plus or minus 9 months for aggravating or mitigating circumstances. 204 Pa. Code § 303.3(a)(1) (convictions for an attempt or solicitation of a first-degree felony receive an offense gravity score that is one point less than the offense attempted or solicited; 7th ed. amend. 5 of the Sentencing Guidelines); 204 Pa. Code § 303.15 (offense listing, setting an offense gravity score of nine for statutory sexual assault under 18 Pa.C.S. § 3122.1(b), a first-degree felony, and providing that unlawful contact under 18 Pa.C.S. § 6318(a)(1) has the same offense gravity score as the underlying offense for which the defendant contacted a minor, or an offense gravity score of six, whichever is greater; 7th ed. amend. 5 of the Sentencing Guidelines); 204 Pa. Code § 303.16(a) (basic sentencing matrix; 7th ed. amend. 5 of the Sentencing Guidelines); N.T. 3/4/22, 9 (noting that Appellant had a prior record score of five).

Appellant was also found to be a sexual violent predator and a tier 3 registrant for purposes of the sexual offender registration and notification provisions under Revised Subchapter H of the Sexual Offender Registration and Notification Act (SORNA). Sentencing Order, 3/4/22, 1; N.T. 3/4/22, 2-3, 15-18; Sexual Offender Registration Notification, 3/4/22, 1-2; *see* 42 Pa.C.S. §§ 9799.14-9799.15.

[3] Appellant's counsel acknowledged that Appellant had recently received an imprisonment term of 27 to 60 months in a Monroe County matter for failing to register as a sexual offender. N.T. 3/4/22, 5-6.

and that he was on parole and subject to registration requirements at the time of this offense. Obviously it does concern the Court that the defendant would pose a threat to minor children by these types of offenses and obviously their impact on victims. I will fashion a sentence within the standard range of the applicable guidelines and sentence the defendant as follows in order to hold him accountable and obviously see that he's in a structured setting with a period of incarceration to hopefully avail himself of programs to reform his ways. There was a concern that he didn't seem to follow through with the sexual offender counseling before and he will need to do so.

N.T. 3/4/22, 13-14.

Appellant attempted to file a *pro se* motion for reconsideration of sentence that was a nullity because he still had counsel of record at the time. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that, when Nischan was represented by counsel, his "*pro se* post-sentence motion was a nullity, having no legal effect."). He then filed a *pro se* notice of appeal that was untimely because the *pro se* post-sentence motion did not toll the thirty-day deadline for filing a notice of appeal following the sentencing hearing. We *sua sponte* quashed as untimely the appeal resulting from that notice. Superior Court Order, No. 979 MDA 2022, 8/17/22, 1. Appellant's post-sentence motion and direct appeal rights were thereafter reinstated *nunc pro tunc* after Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.* Order, 3/15/23, 1.

Appellant then filed a counseled post-sentence motion for reconsideration *nunc pro tunc* in which, *inter alia*, he requested the plea court to reimpose his judgments of sentence to be served concurrently with each

other and a separate sentence in an unrelated criminal matter in Monroe County. Post-Sentence Motion, 3/22/23, ¶ 2. Following the denial of that motion, he timely filed a notice of appeal. Order Denying Post-Sentence Motion, 4/13/23, 1; Notice of Appeal, 4/20/23. He also timely filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Rule 1925(b) Order, 4/25/23, 1; Rule 1925(b) Statement, 5/12/23, 1.

Appellant presents the following questions for our review:

I. Whether the [plea] court abused its discretion in failing to run each count concurrently[?]

II. Whether the [plea] court erred or abused its discretion in failing to consider mitigation evidence presented by the Appellant[?]

Appellant's Brief, 1.

Appellant claims that the plea court abused its discretion by sentencing him to consecutive terms of imprisonment "without considering [his] remorse, mental health issues, and mitigation evidence." Appellant's Brief, 2, 7-9. He acknowledges that his individual judgments of sentence "fell within the [Sentencing G]uidelines" and were imposed following the consideration of a pre-sentence investigation report, but he alleges that the resulting aggregate term of imprisonment was "excessive considering [his] remorse and mitigating circumstances." *Id.*

There is no absolute right to appellate review of a discretionary sentencing claim. **Commonwealth v. Solomon**, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*). Rather,

> We conduct a four-part analysis to determine: (1) whether [the] appellant [ ] filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.A.P. 720; (3) whether [the] appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Bartic**, 303 A.3d 124, 134 (Pa. Super. 2023) (citation omitted). Following satisfaction of all four elements of this review, this Court then reviews the underlying discretionary aspects of sentencing issue, pursuant to an abuse of discretion standard. **Commonwealth v. Akhmedov**, 216 A.3d 307, 328-29 (Pa. Super. 2019) (*en banc*).

Here, we find no procedural impediments to substantive review. Appellant timely filed a notice of appeal within thirty days of the denial of his timely-filed post-sentence motion that was filed after the reinstatement of his post-sentence motion and direct appeal rights *nunc pro tunc*. Pa.R.Crim.P. 720(A)(2)(b). His claim was also preserved by the points raised in his timely-filed post-sentence motion for reconsideration of sentence in which he argued that he should have received concurrent terms of imprisonment based on mitigating sentencing factors, including his mental health issues, his acceptance of responsibility for his actions, his limited education, and his

participation in sexual offender programming in the state prison system. Post-Sentence Motion, 3/22/23, ¶ 2. Lastly, Appellant included a statement required by Pa.R.A.P. 2119(f) in his brief and asserted that his claim alleging the imposition of an excessive sentence and a lower court's failure to properly consider mitigating sentencing factors raised a substantial question permitting our review. *See, e.g., Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) ("[W]e conclude that [an a]ppellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question."). Accordingly, we will consider Appellant's sentencing claim.

Upon conducting substantive review of a discretionary sentencing claim, we are mindful of our standard of review which provides:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived [at] a manifestly unreasonable decision.

*Commonwealth v. Glawinski*, 310 A.3d 321, 326 (Pa. Super. 2024) (citation omitted). This deferential standard is based on the recognition that "the nuances of sentencing decisions are difficult to gauge from the court transcript used upon appellate review." *Commonwealth v. Perry*, 32 A.3d

232, 236 (Pa. 2011), *quoting Commonwealth v. Walls*, 926 A.2d 957, 961-62 (Pa. 2007).

Appellant first takes issue with the plea court's decision to impose consecutive rather than concurrent terms of imprisonment. Appellant's Brief, 7-8. When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The general rule in Pennsylvania is that in imposing a sentence, the court has discretion whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." *Commonwealth v. Graham*, 661 A.2d 1367, 1373 (Pa. 1995); *see also Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) ("Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.").

Appellant asserts that the imposition of an aggregate term with a fourteen-year maximum imprisonment term "is manifestly excessive in light of the crimes committed and [his] remorse in accepting responsibility for his actions." Appellant's Brief, 8. His argument fails to take into consideration that there were multiple factors, that were not accounted for by the Sentencing Guidelines, that demonstrated a need for a period of incarceration that exceeded merely just one standard-guideline-range term. Many of these

factors were covered by the plea court's statement of reasons for the sentence. At the outset, Appellant's alarming conduct in this matter demonstrated that he posed a present danger to children in his community as he attempted to arrange a sexual encounter – with who he thought was a minor – and sought to trade nude images with a person who he was explicitly told was fifteen years old. N.T. 3/4/22, 13 ("Obviously, it does concern the Court that the defendant would pose a threat to minor children…"). The fact that the instant offenses were committed after Appellant formerly committed a prior sexual offense that subjected him to sexual offender registration and reporting requirements, and was on parole in another criminal matter, also showed that Appellant posed a substantial risk of recidivism while remaining a danger to the community. *Id.* ("I am very concerned with the nature of the offenses involved and the fact that the defendant had a prior sexual related offense involving a minor on his record and that he was on parole and subject to registration requirements at the time of the offense.").

With the circumstances presented, we cannot agree with Appellant that the imposed aggregate sentence was unreasonably long. The imposed sentencing scheme was clearly meant to serve the twin goals of protecting the community from Appellant and addressing Appellant's obvious rehabilitative needs. N.T. 3/4/22, 13-14 ("I will … sentence the defendant as follows in order to hold him accountable and obviously see that he's in a structured setting with a period of incarceration to hopefully avail himself of programs to reform his ways."). The need for a such a term was clearly apparent where Appellant

engaged in the actions resulting in his offenses despite the fact that he was already under the supervision of parole authorities and the services open to him in that process had failed to curtail his criminal conduct. *Id.* at 14 ("… he didn't seem to follow through with the sexual offender counseling before and he will need to do so."). The plea court acted within its discretion when it structured the instant aggregate sentence. *See Commonwealth v. Taylor*, 277 A.3d 577, 594 (Pa. Super. 2022) (holding that an aggregate sentence of 18 to 36 years' imprisonment for sexual offenses against a four-year-old victim was not an abuse of discretion where the imposition of consecutive prison terms was an individualized sentence consistent with the protection of the public, the gravity of the offenses as they related to the impact of the victim and the community, and the rehabilitative needs of the appellant, and the trial court gave ample reasons for imposing the sentences consecutively).

To the extent that Appellant also asserts that the plea court imposed by an excessive sentence by failing to consider mitigation evidence, we conclude that he has not demonstrated an abuse of discretion. Because the plea court had the benefit of a pre-sentence investigation, we may presume that it was aware of the relevant mitigating factors and properly considered them. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."); *Commonwealth v. Morrobel*, --- A.3d ----, 2024 WL 876371, *3 (Pa.

Super., filed Mar. 1, 2024) ("We will presume the sentencing court was aware of the relevant information concerning Morrobel's character and history, as the court had the benefit of a pre-sentence investigation."). Even if we were not subject to that presumption, we acknowledge that the plea court explicitly acknowledged Appellant's mitigating factors before imposing the sentence. N.T. 3/4/22, 13 (plea court referencing that Appellant appeared "to be remorseful and accepting of responsibility by his plea" and noting "some of the mental health issues that were referenced in the presentence report"). Properly reviewing the record, it does not support the notion that the plea court ignored mitigating factors.

For all the foregoing reasons, Appellant's challenge to the discretionary aspects of his sentence fails. ***See Commonwealth v. Brown***, 249 A.3d 1206, 1216 (Pa. Super. 2021) ("[An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences.") (citations omitted and formatting altered).

Judgments of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/10/2024